WILLIAM M. HARRISON v. JAMES M. VINES, SHERIFF, &C.

1. TAXATION BY STATE OF STOCK IN UNITED STATES BANKS.—It is well settled that shares of banking associations authorized by the act of Congress of June 3, 1864, "To provide a national currency," in the hands of the shareholders, are liable to taxation by the States, within the limitations set forth in said act, although the capital of such bank is invested in national securities declared by said act as " exempt from taxation by or under State authority."

2. SAME.—The act of June 3, 1873, (13 Leg., 204, 205,) requires the assessment for taxation of "any shares or stock in any banking company or corporation." The word "share" and "stock" are used as synonymous, and each corporator is required to give in for taxation the part or portion of the capital or capital stock of the corporation, or association. he owns.

3. SAME.—It is not necessary that it be embodied in the State law imposing such a tax, that it is not greater than that levied upon capital in the hands of individual citizens, or upon the shares of banks organized by the State laws. It is sufficient that such law in fact does not violate those provisions of the national currency act.

4. INJUNCTION—ASSESSMENT.—It is not a sufficient ground for an injunction restraining the collection of a tax upon an assessment actually made, that it has not been correctly described on the assessment rolls, prepared from the assessments actually made. *Prima facie* the tax is due upon the assessment, and equity will not aid one who is himself in default.

5. STATUTE CONSTRUED.—Act of June 12, 1873, 13 Leg., 204, 205.

APPEAL from Marion. Tried below before the Hon. James M. Rogers.

February 19, 1875, Harrison filed in the District Court of Marion county his petition for an injunction against Vines, the sheriff, to prevent the sale of certain personal property (an iron safe and its contents) to satisfy the tax due on five hundred shares of stock in the National Bank of Jefferson. A temporary injunction was granted by the judge.

The defendant answered, and moved to dissolve the injunction at the May Term ensuing of said court.

The allegations relied on for the injunction will appear from the discussion of the judge upon them in the opinion,

save that the justice of the peace had assessed a like amount in value against plaintiff, and that without notice the sheriff had applied to the County Court and obtained from it an order correcting the assessment, so as to appear "five hundred shares in the National Bank at Jefferson, and valued in the aggregate at fifty thousand dollars."

The injunction was dissolved and the bill dismissed, from which the plaintiff appealed.

*Epperson & Maxey* and *Culberson & Crawford*, for appellant.—The national banks organized under the National Bank act, are agencies of the General Government, and are not subject to taxation by the States, unless the authority to levy taxes upon the banks is granted by the act of Congress. (City of Utica *v.* Churchill, 43 Barb., 550 ; same case, 33 New York, 161; 44 Barb., 148.)

National banks are responsible only to the National Government, and are entirely independent of State legislation. (City of Pittsburg *v.* First National Bank of Pittsburg, 55 Penn. State, 45.)

The National Bank act provides "that nothing in this act shall be construed to prevent all of the shares in any of the said association held by any person or body corporate, from being included in the valuation of the personal property of such person or corporation, in the assessment of taxes imposed by or under State authority at the place where such bank is located, and not elsewhere; but not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State; and provided further that the tax so imposed under the laws of any State upon the shares of any of the associations authorized by this act shall not exceed the rate imposed upon the shares in any of the banks organized under authority of the State where such association is located."

In defining the subjects of taxation, no mention is made of shares in State banks. (2 Paschal's Dig., art. 7553; Laws of

13th Legislature, 204, 205.) This last-cited act mentions, as one of the subjects of taxation, "shares or stock in any banking company or corporation, or fire or life insurance company," but does not provide that the tax upon shares in State banks, and in fact does not make the shares themselves the subject of taxation, but uses the term "shares or stock." "The tax must be levied expressly upon the shares, and the act must contain the proviso that the tax upon shares in national banks shall not exceed the tax upon shares in State banks." (Van Allen *v.* Assessors, 3 Wall., 573.)

This act of the thirteenth Legislature leaves it uncertain, whether the tax is to be assessed against the shares in the hands of the individual owners of the same or whether the tax must be assessed against the corporation as a whole and upon the capital stock.

"Statutes imposing burdens upon the citizen must be strictly construed, and the subjects of taxation and the amount of the tax must clearly appear. Any charge upon the subject must be imposed by clear and unambiguous language. Where any ambiguity is found, the construction must be in favor of the citizen." (Blackw. on Tax Tit., 165; Dwarris on Stats., 749; 10 Wend., 186; 9 Pick., 414; 8 Ga., 30.)

The stock of the bank belongs to the corporation or association as a whole.

"The individual members of the corporation are interested, in one sense, in the property of the corporation, as they may derive individual benefit from its increase, or loss from its decrease; but in no legal sense are the individual members the owners." (3 Wall., 584; 9 Adolph. & Ellis, 806.)

If, under the State law, a tax is imposed upon the capital stock of the State banks, but none upon the shares, no tax can be levied upon the shares of national banks. (3 Wall., 573; 4 Wall., 244.)

Shares of stock in national banks are exempt from taxaion in Illinois because the shares, as such, of the State banks

2

are not taxed.    (People *v.* McCall, 43 Ill., 286; 44 Barb., 148.)

The construction of the law has been the same in Iowa; and the shares of national banks are not taxable, though there are no State banks in existence in that State.. (Hubbard *v.* Board of Supervisors, 23 Iowa, 130.)

In Kentucky the shares in national banks are taxed fifty cents on each share of $100.    (Commonwealth *v.* National Bank of Louisville, 4 Bush., Ky., 98.)

" Even if the tax upon the capital of a State bank is an exact equivalent to the tax upon the shares of a national bank, yet it is a different thing, being against the corporation, and will not justify a tax on the shares of the national bank.    There are two cases—one in Ohio and one in Wisconsin—opposed to this view; but it is believed that it is sustained by the great current of authorities."    (Bankers' Magazine, 1873.)

Upon an inspection of the answer of the appellee, the court will see that he admits that no assessment was ever made upon the shares of the national bank in the hands of the individual owner; but the assessment was for .money on hand or at interest.    So far as the shares are concerned, this assessment was absolutely null.    The statutes of the State nowhere authorize the County Court to correct the rolls after they are placed in the hands of the sheriff, or at any other time.

Appellee admits that no valid assessment was made by the justice of the peace, and that he acted alone under the order of the County Court.    "The appellant was not in default until the assessment was properly made and the tax demanded."    (Clegg *v.* State, 42 Tex., 605.)    If the shares were not assessed, it was the duty of the justice of the peace for the precinct to make a supplemental assessment.    (Laws, 1873, 148.)

One of two things is certain: either the County Court acted without legal authority, and their action is void; or, if the law authorized such a proceeding, Harrison had no notice

of the same, and is not affected by it. He was no party to it in any sense.

The record shows that the petition of the sheriff, Vines, was filed December 14, 1874; that the County Court held a special session on that day, and acted upon the matter.

By this action of the County Court appellant has been denied the right to affix the value of his taxable property. The shares may be worth $100 each, or they may be worth much less. The tax payer has the right under the law; "act of May 31, 1873," gives it to him; and it is only when the value is not sworn to, or when the assessing officer is satisfied that the value sworn to is too low, that the officer can affix the value. (Act 13th Leg., 127.)

We respectfully submit that the record shows that no assessment was ever made as required by law. The appellant was not in default, and the levy was unauthorized by law.

*A. J. Peeler, Assistant Attorney General,* for appellee.—
Shares of stock in national banks are liable to taxation by the State. (Van Allen *v.* Assessors, 3 Wall., 573; National Bank *v.* Commonwealth, 9 Wall., 353.)

The State has taxed them. (Act of June 3, 1873, sec. 8, Paschal's Dig., art. 7713, top of p. 1616*g*.) Not only are "shares or stock in any banking company or corporation" particularly mentioned, but the tax laws in force repeatedly declare that all personal property, save that which is specially exempted, are liable to taxation.

The petition admits that the appellant is the owner of 500 shares of stock in the National Bank of Jefferson, in Marion county, in this State, upon which he has not paid the tax for 1874.

Is there anything in this case authorizing the interposition, by injunction, of a court of equity, to prevent the sale of personal property to satisfy this tax? This is the only question to be considered. There is not, because—

1. There is no allegation of irreparable injury, &c. (High on Injunc., secs. 354, 362; Ritter v. Patch, 12 Cal., 298.)

2. The appellant does not come into court with clean hands. (Id., sec. 363.) It was the duty of the appellant to have rendered his property for taxation. (Paschal's Dig., arts. 7713, 7724.) He has refused to discharge this duty, required of every good citizen, and should not now be heard in a court of equity to complain of irregularities, not affecting the justness of the claim of the State against him, which a discharge of duty on his part would have avoided. (High on Injunc., sec. 356.)

3. The appellant does not show that any error has been committed to his prejudice or injury. (Cowell v. Doub, 12 Cal., 273.)

4. The error chiefly relied upon, viz: the illegality of the assessment, is without foundation. The assessment, if irregular in the first instance, was corrected before the attempted sale, conceding, as held in Clegg v. State, 42 Tex., 605, that an assessment is necessary to constitute a valid tax, there was a sufficient assessment in this case. No change was made as to the person or the amount; a correction was made only as to the description of the property. The object of the description "is to identify the property assessed with reasonable certainty," (People v. Home Ins. Co., 29 Cal., 549,) a case somewhat similar to this.

After the correction the appellants refused to pay. If the Police Court may put lands on assessment rolls, (Paschal's Dig., art. 1733,) have they not the power to correct an erroneous description which in no wise increases the tax?

Parties failing to render assessments are not to be favored. (Paschal's Dig., art. 7766.)

The tax being due and unpaid it was the duty of the sheriff to sell, &c. (Paschal's Dig., art. 7758, et seq.)

MOORE, ASSOCIATE JUSTICE.—It is now well settled by the Supreme Court of the United States, by whose construction

of an act of Congress this court is unquestionably bound, that the shares of banking associations authorized by the act of June 3, 1864, "To provide a 'national currency,' &c., in the hands of the shareholders are liable to taxation by the States with the limitations and on the conditions set forth in the forty-first section of said act, although the entire capital of such bank is invested in national securities, which are declared by the statute authorizing them to be 'exempt from taxation by or under State authority.'" (Van Allen *v.* The Assessors, 3 Wall., 573; People *v.* The Commissioners, 4 Wall., 244; National Bank *v.* Commonwealth 9 Wall., 353.)

Appellant, however, insists that the tax here in question is unauthorized and illegal, because it is not levied upon the "shares," the personal property of each individual shareholder, but upon "stock," by which, as he maintains, a tax is sought to be imposed on the capital owned by the bank as "a corporate entity," and not by the shareholders, or if this is not the case, the law by which the tax is levied is void for uncertainty, whether it is levied upon "shares" or on stock. An inspection of the statutes, imposing the tax, shows that the objection is without force, and altogether hypercritical. The statute says it shall be the duty of any person, firm, corporation, or association owning "any shares or stock" in any banking company or corporation to render and return the same for the proper taxation. (Laws of 13 Legislature, 204, 205.) Now, it is very plain, that it is not the capital in whatever it may be invested owned by the bank "as a corporate entity," but the shares or stock belonging to each individual, firm, and corporation, who, together in their associate capacity, compose this "corporate entity" that is here referred to. The words "share" and "stock" are evidently used as of synonymous import, as is often done in common parlance. Each corporator is required to give in for taxation the part or portion of the capital or capital stock of the corporation or association which he owns. This individual interest may be denominated as either his "share" or

his "stock." And whether it is spoken of as one or the other, evidently it is the interest represented, and evidenced by certificates for stock or shares into which the capital of the association is divided to which reference is had. (9 Wall., 60, 359.)

It is also objected that the statute imposing this tax does not conform to the requirements of the act of Congress authorizing an assessment of taxes on such shares by State authority, because it is not enacted or declared in the law imposing it, that the taxes levied thereby on the shares of the national banks, shall be of no greater rate than that assessed upon other recognized capital in the hands of individual citizens, and shall not exceed the rate imposed upon the shares of any banks organized under the authority of the State. The act of Congress authorizing the assessment, does not contemplate nor require that the restrictions upon the power given to the State to levy such tax, shall be embodied or set forth in the law making the assessment. It is the violation of the condition upon which the authority is given which invalidates the levy, and not the mere failure to accompany the levy with a declaration that the condition had not been and would not be violated by the State. But the law imposing the tax here in question clearly shows that shares in national banks are taxed at no greater rate than moneyed capital in the hands of individuals, or than the shares of banks organized under authority of the State.

It is also insisted, that the court erred in dissolving the injunction and dismissing the petition, because the tax which the sheriff was endeavoring to collect from appellant had not been legally assessed by the justice of the peace. From the facts stated in the petition it clearly appears, as we have seen, that appellant was liable for the tax claimed from him. The property charged with the tax, it is admitted, was in fact assessed. It is not complained that an excessive or undue valuation was placed upon it. The only objection made to the assessment by the justice, is, that he did not properly or

accurately designate or describe on the tax-rolls the property which he in fact assessed. Grant then, that the County Court had no authority to correct the assessment, the original assessment, as made by the justice, still stands, and, *prima facie*, at least, authorizes the sheriff to collect the tax as assessed by the justice. And upon the fundamental principle that a court of equity will not interpose for the relief of one who is himself a wrongdoer, the court below did not err in refusing to perpetuate the injunction. Unless he was willing to do equity, and pay the tax with which his property was justly chargeable, and had, as he admits, been in fact assessed by the proper officer, appellant cannot complain that the court refused to listen' to or grant him relief.

There being no error in the judgment, it is affirmed.

AFFIRMED.