THE WACO NATIONAL BANK V. F. O. ROGERS, TAX COLLECTOR.

TAXATION OF BANK STOCK.—Under the laws in force in 1876, a national bank was not liable to pay State and county taxes for that year, assessed on shares of stock in the bank not owned by it, but owned by individual shareholders.

ERROR from McLennan.   Tried below before the Hon. L. C. Alexander.

Suit by the Waco National Bank against F. O. Rogers, tax collector of McLennan county, filed May 7, 1877, praying for an injunction to restrain Rogers from the collection of the sum of $1,383.30, which had been assessed against said bank on ten thousand shares of the stock of the bank, valued at $100,000, for State and county taxes for the year 1876.

The grounds for the injunction, as alleged in the petition, were—

1. The bank, without its consent or knowledge, had been assessed with ten thousand shares of its stock; that the shares belonged to the individual stockholders, and the laws of the United States and of the State required the shares of national bank stock to be assessed against the shareholders, and not against the bank.

2. That this tax was on personal property assessed previous to the adoption of the present Constitution; that section 15 of article 8 of the Constitution repealed all laws existing at the adoption of the Constitution for the collection of taxes before that time assessed, and provided that the Legislature should pass the necessary laws for the collection of such taxes; that the Legislature had made provision for the collection of such taxes on land, but had made none for the collection of said taxes on personal property.

3. That by the laws of the State the taxes were a lien on the land of the tax-payer, and a sale of the land of the bank would cloud and damage the title, and the collector was

threatening to seize upon the land of the bank and sell it for the taxes.

An injunction was granted in vacation.

The defendant filed a general and special demurrer, and an answer denying some of the allegations in the petition, but admitting that the bank had been assessed, without its consent, for the shares owned by individual shareholders, and not denying that the assessment was made previous to April, 1876.

The case was submitted to the court for trial, and the evidence having been heard, the court dissolved the injunction and dismissed the suit.

*Sleeper, Jones & Kendall,* for appellant.—The court erred in dissolving the injunction and rendering judgment in favor of the defendant, because it appears from the pleadings and the evidence in the case that the tax assessor of McLennan county had, without the consent or authority of plaintiff, assessed plaintiff with ten thousand shares of plaintiff's own stock, which stock was the property of the shareholders, and not of the bank, and should not have been assessed against the bank.

The act of Congress establishing national banks, and the act of the Legislature of the State of Texas under which this assessment was made, provide for the assessment of the shares of national banks against the shareholders and not against the bank, and it is illegal for the tax assessor to assess the bank on such shares without the consent of the bank. (Acts of Leg. 1874, 214; First National Bank *v.* Hershire, 31 Iowa, 18; Hershire *v.* First National Bank, 35 Iowa, 273; National Bank *v.* Commonwealth, 9 Wall., 353; Rev. Stats., 5210–5219.)

[No briefs on file for appellee.]

BONNER, ASSOCIATE JUSTICE.—The decisive question in this case is this: Is the Waco National Bank, under the laws in

force in 1876, liable for the State and county taxes for that year, assessed on shares of stock in the bank not owned by it, but owned by the individual shareholders?

By act of May 2, 1874, (Laws 14th Leg., 213,) which determines the rights of the parties in this case, it was made the duty of every person, firm, corporation, or association owning any of the property thereinafter mentioned in this State, on the first day of January of each and every year, to render and return the same for taxation.

Among other descriptions of property, is mentioned the following: "Fourth. All State, county, town, or city bonds; all shares or stocks in moneyed or banking associations or institutions." It is said by Mr. Justice Miller, in National Bank *v.* Commonwealth, 9 Wall., 358, that "In the several recent decisions concerning the taxation of the shares of the national banks, as regulated by sections 40 and 41 of the act of Congress of June 3, 1864, it has been established as the law governing this court, that the property or interest of a stockholder in an incorporated bank, commonly called a share, the shares in their aggregate totality being called sometimes the capital stock of the bank, is a different thing from the moneyed capital of the bank held and owned by the corporation. This capital may consist of cash, or of bills and notes discounted, or of real estate combined with these. The whole of it may be invested in bonds of the government, or in bonds of the States, or in bonds and mortgages. In whatever it may be invested, it is owned by the bank as a corporate entity, and not by the stockholders." (National Bank *v.* Commonwealth, 9 Wall., 358; Van Allen *v.* The Assessors, 3 Wall., 573; Bradley *v.* The People, 4 Wall., 459; Harrison *v.* Vines, 46 Tex., 15.)

The above act of May 2, 1874, requires the assessment to be made against the owner of the shares or stocks in a moneyed or banking association.

The case of Harrison *v.* Vines, 46 Tex., 15, decides that the words "share" and "stock" are used as synonyms, and that

such corporator is required to give in for taxation the part or portion of the capital or capital stock of the corporation or association which he owns.

Evidently it was not contemplated by the act that the shares or capital stock of the bank should be assessed against it in its corporate capacity, unless thus owned and held by it. However desirable it might be on grounds of public policy, and particularly to reach such shareholders as may reside without the State, that a fair and equitable mode of assessment could be devised, not amounting to double taxation, by which banks could be assessed for the value of the shares or capital stock owned by the individual members as well as for the moneyed capital owned by it as a corporate entity, the same to be charged up against the dividends of the shareholders respectively, yet, until thus provided by statute, this cannot be legally done.

In our opinion, the act of May 2, 1874, did not permit such assessment, and there was error in the judgment below in dissolving the injunction and dismissing the bill.

As the sworn answer of the defendant shows the assessment to have been illegally made, the judgment below is reversed; and this court now proceeding to render the judgment which should have been rendered below, it is therefore ordered and adjudged that the injunction be made perpetual, the costs of this and the court below to be taxed against appellee.

REVERSED AND RENDERED.