FRANK R. DEAN, COLLECTOR, ETC., v. MORRITZ KOPPERL.

(No. 727, Op. Book No. 2, p. 258.)

ERROR from Galveston County.  Opinion by CLARK, J.

§ 746. *Taxes; assessment of, upon bank stock under law in force in September, 1876; injunction, etc.*  Under the laws in force in September, 1876, it was competent for the assessor of taxes to assess for taxation the shares held by defendant in error in the National Bank of Texas, even though such assessment was supplemental; and the

owner failing or refusing to affix a taxable value to said property, such valuation could be made by the assessor. [Laws 1873, chap. 83, sec. 9; Laws 1874, chap. 157, p. 213, and chap. 125, sec. 5, p. 176.] The assessment in this case appears to have been regular and authorized by law, and the plaintiff in injunction was not entitled to an injunction restraining the sale of his property for the taxes, in the absence of a tender of the amount of taxes due. [Harrison v. Vines, 46 Tex. 15; National Bank v. Rogers, 51 Tex. 606.]

March 17, 1880.                    Reversed and dismissed.