## R. K. RED ET AL. v. JOHN O. JOHNSON.

### *(Case No. 4129.)*

1. TAXES — INJUNCTION — SCHOOL HOUSES.— A school house used and occupied for a boarding school, but in which the owner resides with his family, is not exempt from taxation.

2. INJUNCTION — DAMAGES.— A petition for injunction to prevent the collection of a state tax, which discloses no individual damage about to be suffered from the sale sought to be enjoined, except that the sale would cast a cloud on the title of the plaintiff, is not sufficient to authorize the injunction.

APPEAL from Travis. Tried below before the Hon. E. B. Turner.

The nature and result of the suit below is stated in the opinion. Plaintiff assigned errors as follows, viz.:

1. The court erred in not rendering judgment for plaintiff and perpetuating the injunction.

2. In rendering judgment for defendant dissolving the injunction.

3. The judgment is against the law and the evidence.

Title and possession of the property was admitted to be in plaintiff.

The lots were purchased and the buildings placed thereon by appellant anterior to 1877, for the purpose of founding a seminary for young ladies. The lots constitute the school grounds and are enclosed. The building is a three story brick house. Within the enclosure are stables for a cow and a horse used by the pupils and teachers, the cow being kept to furnish milk for table use, and the horse to carry them on errands and for exercise. During the years 1877 and 1878 the school was kept in the building, with an attendance of from thirty to forty pupils. The evidence showed that the house is arranged with reference to its use as a school house of the class to which it belongs, having assembly room, dining hall and dormitories, rooms provided with school seats and desks for study and recitation, and a laboratory with apparatus, and is also provided

with black boards, charts, maps, etc. Red, his wife and children, resided in the buildings during the years 1877 and 1878, and in it boarded the pupils of the school. There was no allegation or evidence that the lots on which the buildings were erected were exempt from taxation, nor was it claimed that taxes assessed on the lots had ever been tendered or paid. The special demurrer of defendants, based on alleged want of jurisdiction, was overruled. The petition alleged that appellants resided in the building during the years 1877 and 1878, and it disclosed no individual damage, except such as would result from the cloud which it was averred the sale would cast upon the title of appellants to the property.

*Walton, Green & Hill* for appellants.

I. The buildings on the lots described in appellants' petition were owned and used exclusively for school purposes during the years for which the taxes were assessed. Texas Const. 1876, art. 8, sec. 2 (R. S., 20); Gen. Laws Texas (acts 15th Legislature, 1876), p. 276, sec. 5 (R. S., art. 4673, sec. 1).

II. The use by the pupils and teachers of the school building in having their washing and cooking done, and eating and sleeping therein, is subsidiary and incidental, and a necessary concomitant of the general purpose of the maintenance of a school. Under the plan of operation of the school, the actual residence of the teachers in the building was necessary to the proper working of the school. The subjects of instruction covered those which were more effectually taught by constant association and contact of teacher and pupil during all hours, and also such subjects as domestic economy and social etiquette, which were taught more readily and effectually by the constant residence and association of teacher and pupil in the building. Griswold College *v.* State, 46 Iowa, 275; Wesleyan Academy *v.* Wilbraham, 99 Mass., 599; Ward *v.* Manchester, 22 Am. R., 504 (56 N. H., 508); St. Mary's College *v.* Crowl, 10 Kan., 442; Indianapolis *v.* Sturdevant, 24 Ind., 391.

III. The residence of plaintiff, her husband and children,

they all being teachers or pupils in the school, in the buildings during the vacations, was a use incident only to the general use of said buildings for school purposes.

IV. The residence of plaintiff and husband and children at the buildings, each being either a teacher or pupil, during all of the years in question, was incidental to the general use of the buildings for school purposes.

V. The lots and buildings having been assessed over protest of appellant, and said assessments being in bulk, so that it does not appear what part of the tax is levied against the land and what part against the buildings, it was not necessary or possible for appellant to tender the part of the tax admitted to be due until a judicial ascertainment thereof should be made. State *v.* Hodges, 14 Rich. (S. C.), 256; Clement *v.* Everist, 29 Mich., 19; Taylor *v.* Thompson, 43 Ill., 9; Briscoe *v.* Allison, 42 Ill., 291; Crane *v.* Janesville, 20 Wis., 305; High on Injunctions, § 363, p. 203.

VI. The tax rolls in the hands of appellee, his levy on the lands of appellant thereunder, his threatened and intended sale thereof for the taxes, and his claim of a lien thereon, constituted a cloud on appellant's title to said lands. Gen. Laws Texas (act August 22, 1876), p. 280, § 22; Gen. Laws Texas (act August 21, 1876, §§ 16, 17, 18), p. 262; Cooley on Taxation, 542; High on Injunctions, p. 205, §§ 367-8.

VII. The allegations in plaintiff's petition as to the amount involved are sufficient to sustain the jurisdiction of the court. The tax sought to be enjoined was $110, but the property which it is alleged to involve in its threatened enforcement by sale and lien is alleged to be worth $4,000. Marshall *v.* Taylor, 7 Tex., 235; Lane *v.* Howard, 22 Tex., 7; Burke *v.* Vanderlip, id., 221; Willis *v.* Gordon, id., 243; Hargrave *v.* Simpson, 25 Tex., 397.

VIII. The allegations in plaintiff's petition as to the cloud existing and threatened upon her title to the real estate, by reason of the assessment, levy and threatened sale and apparent lien, were sufficient to sustain the jurisdiction of the court.

Same as above; also, Waco National Bank *v.* Rogers, 51 Tex., 606; Dauenhauer *v.* Devine, id., 480; Cooley on Taxation, 542; High on Injunctions, §§ 367–8, p. 205.

*George McCormick, E. T. Moore* and *D. W. Doom* for appellee.

I. The buildings described in the plaintiffs' petition were not used exclusively and owned by plaintiffs for school purposes during the years 1877 and 1878, and therefore were not exempt from taxation during that time under the constitution and laws of Texas.

II. Plaintiffs were not entitled to an injunction to restrain the collection of the taxes due on the buildings, which they claimed to be exempt from taxation, until they had paid or tendered the taxes due on the lots which they admitted were not exempt. High on Injunctions, § 363. The defendant's special demurrer on the ground of a want of jurisdiction in the court ought to have been sustained and the case dismissed. The suit was to enjoin the collection of one hundred and ten dollars as taxes. Constitution, art. 5, secs. 8, 16; Girardin *v.* Dean, 49 Tex., 243; Guilford *v.* Love, id., 744.

GOULD, ASSOCIATE JUSTICE.— Appellant filed her petition in the district court of Travis county July 5, 1879, for an injunction restraining appellee as collector of taxes from enforcing a levy by sale for $110, the taxes for the years 1877 and 1878, on certain real estate in said county, on the ground that the taxes claimed were assessed against the land and buildings thereon, and that said buildings, known as the Stuart Female Seminary, were owned and used by appellant during said years exclusively for school purposes and were exempt from taxation.

The injunction was granted, and on January 15, 1880, the case was tried by the court and judgment rendered for defendant, for costs, and dissolving the injunction.

There were special exceptions to the petition, objecting to

the jurisdiction of the district court, that the amount in controversy was less than $500, and this question of jurisdiction is urged here by appellee, and claimed to be settled by the case of Girardin *v.* Dean, 49 Tex., 243. If the petition stated a case in which, on settled principles, equity would interpose to prevent the collection of a state tax by enjoining the sale about to be made, it would be strange, indeed, if the district court, in a case affecting the title to land and the enforcement of a lien on land, should have no power to grant relief. The amount involved being still too small, the county court would be also without jurisdiction, and the remedy, if any, would be in the justice's court. This result is one which, in a case requiring it, might well cause a careful review of the decisions claimed to lead to it. But in the present case, our opinion is that the petition failed to show a case within the constitutional exemption, and failed further to show such individual damage about to be suffered from the sale sought to be enjoined, as authorized the court to interpose and stop the collection of a state tax. Blessing *v.* City of Galveston, 42 Tex., 654; George *v.* Dean, 47 Tex., 84; R. R. Co. *v.* Scanlon, 44 Tex., 649; Whitman *v.* Willis, 51 Tex., 421–429; High on Injunctions, § 362.

The allegation that the title would be clouded by the sale, was not of itself enough to justify interfering with the collection of the entire tax. Harrison *v.* Vines, 46 Tex., 22.

Our opinion is further, that the petition failed to show the appellant to be entitled to the exemption claimed, and therefore failed to state a proper case for injunction.

The constitution exempts "buildings used exclusively and owned by persons or associations of persons for school purposes (and the necessary furniture of all schools), and institutions of purely public charity;" and adds, "all laws exempting property from taxation, other than the property above mentioned, shall be void." Art. 13, sec. 2. The buildings in question were used by the owner and family not only for school purposes, but also as a residence. It is not enough

that the main use of the building was as a school, nor that the owner and family were all engaged in the school as teachers or pupils. A building used by the owner as a family residence is not one used exclusively for school purposes, and therefore is not one exempted by the constitution. St. Mary's College *v.* Crowl, 10 Kan., 451-2.

As the petition stated no sufficient case for injunction, it is not material to inquire whether the district court would have had jurisdiction had the case been different. Evidently the jurisdiction of the court was dependent on the claim to an injunction. Because the court had no jurisdiction the judgment is reversed and the case dismissed.

REVERSED AND DISMISSED.

[Opinion delivered May 4, 1880.]