P. P. COURT SHERIFF, &C., V. THOS. O'CONNOR.

(Case No. 2138.)

1. ASSESSMENT FOR TAXES—LIVE STOCK PASTURED IN TWO COUNTIES, WHERE RENDERED—ART. 4676, R. S., CONSTRUED—Art. 4676, R. S., provides that all property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated, and there is no special provision excepting from this requirement cattle ranging near the line of two counties; yet the statute does not intend to impose impossibilities or to work injustice, and a substantial compliance with its terms is all that is necessary.

2. SAME—If, therefore, one whose pasture lies partly in the county of his residence and partly in an adjoining county, renders for taxation his cattle feeding upon such pasture, and pays the tax thereon, in the county where he resides and where the entire herd feeding in his pasture is controlled, he complies with the substantial requirements of the statute, the state receives from the property all the revenue to which she is entitled, and the owner is not overtaxed.

3. TAX ILLEGALLY ASSESSED—INJUNCTION TO RESTRAIN SALE OF PROPERTY TO SATISFY—APPLICATION TO BOARD OF EQUALIZATION FOR RELIEF BEFORE SUIT FOR INJUNCTION NOT NECESSARY—CASE STATED—In 1884, O., a resident of Refugio county, owning a large pasture lying partly in the county of his residence and partly in Aransas, an adjoining county, in which pasture grazed several thousand head of cattle belonging to him, but which were always herded, as occasion required, in the county of his residence, was required by the assessor of Refugio county, in pursuance of written instructions from the comptroller of public accounts, to render his entire herd of cattle for taxation in that county, for that year. Subsequently O., in rendering his property in Aransas county to the assessor thereof, for taxation, noted upon his list the fact that all the cattle in his pasture had been rendered to the assessor of Refugio county. At a meeting of the county commissioners of Aransas county, held June 30, 1884, to revise and approve the lists submitted by the assessor of that county, the board added, without O.'s knowledge, to the list of property rendered by him, four thousand head of cattle, at a valuation of $52,000, part and parcel of the herd that had been rendered for taxation in Refugio county. O. paid to the tax collector of Refugio county the taxes upon his entire herd, and tendered to the tax collector of Aransas county the taxes due on his real estate in the latter county, but the collector refused to receive the money as the taxes on such property, and subsequently levied upon and advertised for sale all of O.'s lands

in Aransas county, to satisfy the taxes assessed on both the lands and the four thousand head of cattle. O. applied for and obtained an injunction restraining the sale. *Held:*

(1) That an injunction will lie, under such circumstances, to restrain the sale of real estate levied on to satisfy a tax illegally assessed. (Citing Red. *v.* Johnson, 53 Tex. 284 ; George *v.* Dean, 47 Tex. 84, and Nat. Bank *v.* Rogers, 51 Tex. 606) ;

(2) That it is not necessary, in such cases, before applying for an injunction, to seek relief from the board of equalization, or other officers having control in matters of taxation. (Citing Hardesty *v.* Flemming, 57 Tex. 400);

(3) That it was unimportant whether the taxes in Refugio county were paid before or after the levy which was sought to be enjoined. It was sufficient if the right to the taxes had fully accrued to that county, and this was effected by the previous assessment made therein ;

(4) That it was not necessary for O. to allege at what time he was required to render his cattle in Refugio county. It is sufficient if it appears from his petition that it was done before the commissioners' court of Aransas county added the four thousand head of cattle to his assessment in the latter county.

4. ASSESSORS OF TAXES—INSTRUCTIONS FROM COMPTROLLER—LIVE STOCK RANGING IN TWO COUNTIES, WHERE RENDERED—When the comptroller of public accounts has issued a general order directing that where cattle range in more than one county the owner, living near the county lines, shall render to the assessor of the county in which he resides the entire number owned, such instructions are binding on the assessors of taxes (R. S., art. 4713); and persons rendering their property for taxation, in accordance with these regulations, must be held to have complied with the law, and their property, of that description, will be free from taxation in any other county than the one in which it has been rendered.

APPEAL from Aransas. Tried below before the Hon. H. Clay Pleasants.

On July 2, 1885, Thomas O'Connor, the appellee, filed his petition for injunction, in the district court of Aransas county, against P. P. Court, sheriff and tax-collector of the county, to restrain that officer from selling certain lands of O'Connor, situated in Aransas county, for taxes, for the year 1884, assessed against those lands and four thousand head of cattle. The petition alleged, that O'Connor was a resident of Refugio county; that he owned a pasture lying partly in the county of his residence and partly in Aransas, an adjoining county; that he also owned a large number (about thirty-one thousand) of neat cattle, which ranged in that pasture, but which were managed and controlled at and from his ranch in Refugio, the county of his residence, and that petitioner possessed no ranch in Aransas county. The petition further alleged that O'Connor, having been required so to do by the assessor of Refugio county, rendered for taxation, for the year 1884, in that county, his entire herd of cattle, and that he afterwards paid to the sheriff of the county the taxes on the same for that year ; that petitioner ren-

dered for taxation for the same year, to the assessor of Aransas county, all his lands in the latter county, and noted upon his list so rendered, the fact that all the cattle had been rendered by him for taxation in Refugio county; but that, notwithstanding that fact, the county commissioners of Aransas county, added to petitioner's list, without his knowledge, four thousand head of cattle, at a valuation of $52,000.00, and assessed upon them taxes amounting to $338.00. The petition further alleged that, in March, 1885, petitioner tendered to the defendant, P. P. Court, sheriff and tax-collector of Aransas county, all the taxes assessed upon his lands in that county, amounting to $479.88; but that officer refused to receive and receipt for the amount as and for taxes upon petitioner's lands, and demanded payment, as well, upon the cattle, and had, shortly thereafter, levied upon, and advertised for sale, on the first Tuesday of July, following, all of petitioner's lands in Aransas county, to satisfy the taxes on both the land and the cattle, aggregating $817.86. The petition prayed an injunction perpetually restraining the sale, on petitioner's paying or tendering to the defendant the full amount of the taxes assessed upon the lands. Plaintiff paid these taxes and a preliminary injunction was granted. Defendant demurred to the petition, and also moved the court to dissolve the injunction and dismiss the cause, assigning the following grounds:

1. Because the petition shows no equity on its face.

2. Because the petition fails to show that plaintiff ever applied to the assessor, or to the commissioners' court, or board of equalization, of Aransas county, for a correction of his assessment.

2. Because the petition fails to allege when plaintiff paid the taxes assessed against him in Refugio county, on cattle, and fails to show that plaintiff paid the taxes before the levy on, and advertisement of the sale of, plaintiff's lands by the tax-collector of Aransas county.

4. Because the petition fails to allege that the four thousand cattle were not in Aransas county, on January 1, 1884.

5. Because the petition fails to allege when the assessor of Refugio county required plaintiff to render for taxation, for 1884, in that county, all the cattle in his pasture lying partly in Refugio and partly in Aransas counties.

6. Because the petition fails to allege any right or authority in the assessor of Refugio county to require plaintiff to render in that county all the cattle in his pasture lying in both counties. .

The court overruled the demurrer and also the motion to dissolve. O'Connor's pasture lies partly in Aransas and partly in Refugio counties, but the larger portion of it is in the latter county. On January 1,

1884, he had in this pasture about thirty-one thousand cattle, and they could, it appears, graze at will in any part of it. They were, however, "handled" or controlled in that portion which lies in Refugio county. There was some conflict in the evidence as to whether or not O'Connor had a ranch in Aransas county, but he resided in Refugio county about twelve miles from the line separating the two counties.

Leisering, a witness for the plaintiff, testified, amongst other things, as follows: "I am assessor of taxes for Refugio county, and I assessed the property of Thomas O'Connor in 1884. When he rendered his personal property to me I required him to answer, under oath, whether or not he had a ranch in Aransas couty, and he said that he had none. I then required him to render all the cattle in his pasture, lying in both counties, to me, which he did. My authority was the instruction from the comptroller, which I now produce. This printed instruction was received by me in answer to a letter from me to that officer, asking for instructions."

The instruction referred to by the witness is as follows: "Where personal property, such as cattle and horses, range in more than one county, the owner of the same living near the county line, shall render to the assessor of the county in which he resides, the entire number owned; but, in case he has a separate ranch in another county, he shall render this on a separate inventory, to be forwarded to this office, and the same will be sent to the assessor of the county in which that ranch is situated."

The cause was tried, without a jury, upon the issue tendered by the plea of general denial, and the court rendered judgment in favor of the plaintiff, perpetuating the injunction. From that judgment the defendant prosecutes his appeal to this court.

The grounds relied on for reversal are substantially the same as those set forth in the demurrer to the petition and the motion to dissolve.

*Stanley Welch* and *Delmas Givens*, for appellant, on the proposition, that to support a petition for an injunction enjoining the collection of taxes, the applicant should set out specifically in his petition the precise equitable grounds relied on to perpetuate the injunction, and should show, affirmatively, therein the nature and character of the irreparable damage that will result to him, unless he be granted the equitable relief sought, cited: Hardesty *v.* Flemming, 57 Tex. 395; Blanc *v.* Meyer, 59 Tex. 90; T. & P. R'y Co. *v.* Harrison, 54 Tex. 119;

Red *v.* Johnson, 53 Tex. 288; H. & T. C. R'y Co. *v.* County of Presidio, 53 Tex. 518; High on Inj., secs. 544, 545; R. G. R'y Co. *v.* Scanlan, 44 Tex. 650.

That the constitution and laws of this state require all real and personal property to be assessed for taxation and the taxes thereon paid in the county where situated, and the fact that the assessor of another county, or the comptroller of the state, required otherwise, is no cause for enjoining the collection of such tax properly assessed in the county where actually situated, they cited: Const. art. 3, sec. 11; R. S., art. 4676.

*Glass & Callender*, for appellee, that injunction is the proper remedy against the collection of a tax illegally assessed, cited: National Bank of Waco *v.* Rogers, 51 Tex. 606, 609.

That the allegations of plaintiff's petition were sufficient to entitle him to the relief asked, they cited: R. S., art. 4690; Laws of 1879, ch. 50; High on Inj., sec. 524; National Bank of Waco *v.* Rogers, 51 Tex. 609.

That the assessor of Refugio county was bound to follow the instructions of the comptroller of public accounts, they cited: R. S., art. 4713.

WILLIE, CHIEF JUSTICE.—Art. 4676 Revised Statutes provides, that all property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated. There is no provision specially excepting cattle ranging near the line of two counties from this requirement. Yet it is obvious that to require the owner to list cattle, running in a pasture which crossed the division line of two counties, in the county where they were located on the first day of January of any year, would, in many cases, be to require an impossibility, and, in many others, work great injustice to the tax payer. They are liable to cross and recross the boundary line of the county, at any time. Upon one day it might happen that the entire herd of the present plaintiff would be in Refugio, and upon the next in Aransas county. It might even be the case that at one hour of the day several thousand head would be in the one county, and at another hour of the same day all of these, or a greater part of them, would recross to the other county. Hence, the same cattle might be in each county upon the same day. If this were the first of January, and all the cattle which O'Connor owned in Aransas county, on that day, were given in by him to the assessor of that county for taxation, and all that he owned in Refugio county

on that day, were listed to the assessor of that county, he would be twice taxed for the same property, during the same year.   To avoid such an injustice, the most reasonable course was that pursued by O'Connor, which was to render and pay the taxes in the county of his residence, and where the entire stock feeding in his pasture were controlled.   The owner having no ranch in Aransas county, they were certainly as liable, if not more so, to be in Refugio than in the former county.   In pursuing this method, the owner is not overtaxed, and the state receives all the revenue from the property to which she is entitled.   The statute does not intend to require impossibilities, or to work injustice, and a substantial compliance with its provisions is all that is necessary.

The petition shows that the plaintiff was required by the assessor of Refugio county to render there the very cattle for which it was proposed to tax him in Aransas county.   It was as probable that they were in the former as in the latter county, on the first day of January, 1884.

According to his allegations, the list rendered in Refugio county comprised the four thousand cattle which the assessor of Aransas county had included in his rolls, and for which he proposed to make him pay taxes in that county ; and he informed the assessor of Aransas, at the time of assessing his property to that officer, that he had already rendered these cattle in Refugio county.   O'Connor's Refugio list was a true statement of all the cattle he owned in both counties through which absolute certainty as to the amount of taxes he should pay upon them could be ascertained.

The addition of four thousand head, by the county commissioners of Aransas county, to the list rendered by him there, must have been a mere matter of guess work, as they hardly had the means of knowing how many cattle he had in Aransas county, on January 1, 1884.

Taking into consideration the uncertainty as to whether the four thousand head of cattle were in Aransas or in Refugio county, on January 1, 1884, and the fact that in this condition of uncertainty the plaintiff rendered them to the assessor of Refugio county, by command of this officer, and had paid him the taxes due upon them, and the other facts to which we have alluded, we think the cattle were not subject to a subsequent assessment in Aransas county.   And hence good grounds for injunction are shown in the petition.

That an injunction will lie to restrain the sale of real estate levied upon to satisfy a tax illegally assessed, under circumstances like the present, is now too well settled to require further discussion.  Red. v. Johnson, 53 Tex. 284;  George v. Dean, 47 Tex. 84;  Nat. Bank v.

Rogers, 51 Tex. 606.    We think, therefore, that the general demurrer was properly overruled.

It was not necessary for the appellee to allege when he was required to render his cattle in Refugio county.    It is, at least, sufficient if this was done before the commissioners' court of Aransas county added the four thousand head of cattle to his assessment. This is made plain by the petition, for it alleges that, at the time the plaintiff gave in his taxes in Aransas county, (which was of course before the commissioners made the addition) he informed the assessor that he had already rendered these cattle in Refugio county.    It was unimportant whether the taxes in the latter county were paid before or after the levy which was sought to be enjoined.    It was sufficient if the right to the taxes had fully accrued to Refugio county, and this was effected by the previous assessment made in that county.

We have heretofore held, in effect, that, before applying for an injunction in such cases, it is not necessary to seek relief from the board of equalization, and the same may be said as to the other officers having control in tax matters.    Hardesty v. Flemming, 57 Tex. 400.

We think, therefore, that the special demurrers were properly overruled.

Upon the trial, the plaintiff proved all that had been alleged in his petition.    He also showed, by testimony not objected to, that the comptroller of public accounts had issued a general order directing that when cattle ranged in more than one county, the owner, living near the county lines, should render to the assessor of the county in which he resides the entire number owned; but, in case he had a separate ranch in another county, he should render this in a separate inventory to be forwarded to the comptroller's office, and this would be sent to the assessor of the county in which the ranch was situated.

These instructions, according to our statute, were binding upon assessors of taxes (R. S., art. 4713), and persons rendering to them their property for taxation, in accordance with these regulations, must be held to have complied with the law, and their property of this description was free from taxation in any other county than the one in which it was rendered.

There was some conflict in the testimony as to whether O'Connor had a ranch in Aransas county, and, perhaps, other matters, but the preponderance of evidence was in favor of the plaintiff; and, even if these matters were doubtful, we should have to recognize the evidence accredited by the judge as the true facts of the case.    We think

the proof was abundant to sustain the injunction, and that it was properly perpetuated, and the judgment below is affirmed.

                                                        AFFIRMED.

[Opinion delivered January 22, 1886.]