## E. BLANC v. J. A. MEYER.

(Case No. 1497.)

1. INJUNCTION TO RESTRAIN COLLECTION OF TAXES.— To restrain the collection of taxes, exactness and particularity must be observed in stating the grounds for the equitable relief sought, and the injunction should not be granted when, from the averments in the petition, it remains doubtful whether all the taxes sought to be enjoined are illegal.

On Rehearing.

2. Pleading.— A mere allegation in a petition for injunction, that a sale of property for taxes would cast a cloud over plaintiff's title, will not of itself authorize the issuance of the writ to prohibit the collection of the entire tax, when it does not appear that the entire tax is illegal.

3. Injunction — Taxes.— In such case the plaintiff should pay, or tender the tax legally assessed, and in addition to setting forth specifically the precise equitable grounds on which relief is sought, he should set forth the nature and character of the irreparable damage that would result to him in the absence of an injunction.

4. Same.— City of Marshall v. Snediker, 25 Tex., 471; Galveston Co. v. Gorham, 49 Tex., 306; Red v. Johnson, 53 Tex., 288; Galveston v. Galveston, 56 Tex., 487; Girardin v. Dean, 49 Tex., 243; Fort Worth v. Davis, 57 Tex., 225, and Williamson v. Lane, 52 Tex., 335, cited and followed.

Appeal from Waller. Tried below before the Hon. Wm. H. Burkhart.

Suit by appellant, alleging that J. A. Meyer, tax collector of the city of Hempstead, had levied on and exposed for sale certain lots and blocks of ground, about twenty in number, in said city, property of appellant, of the value of $2,000, to enforce the payment of taxes due the city for the year 1881, $24 of which was school tax, $9.72 ad valorem, and $2.50 occupation tax. Plaintiff alleged that the school tax was unjust and excessive; that the sale would place a cloud on his title, which alone would depreciate the value of the property.

2d. That the corporation of Hempstead had no legal existence, because the charter was not lawfully adopted by two-thirds of the city council.

3d. That on the 19th day of August, 1881, an election was held by the self-assumed city for the purpose of assessing a school tax of one-half of one per cent. for the maintenance of public free schools in the city; at which election sixty-one persons voted for, and seven against, the proposition. That two-thirds of the property tax-payers of said city did not vote at said election, there being at the time, according to the tax roll of 1880, three hundred and thirteen property tax-payers in said city.

4th. That defendant Meyer was not a properly elected officer, etc.

Defendant moved to dismiss because plaintiff did not show himself entitled to the relief sought. And demurred generally, and for special exception says that the legal existence of the city government or office of tax collector of the city can only be drawn in question by a proceeding in the nature of a quo warranto instituted by the state's officer, etc.

Judgment for defendant dissolving injunction and dismissing the suit.

*E. Blanc,* for appellant.

*A. J. Harvey,* for appellee.

WEST, ASSOCIATE JUSTICE.— In view of the previous decisions of this court, the district judge did not err on final hearing in dissolving the injunction and dismissing the suit. The allegations in the petition were not sufficiently specific and full to have justified the court in perpetuating the injunction.

The precise grounds upon which the appellant sought to invoke the exercise of the equitable powers of the court are not stated with that exactness and particularity that is required where an injunction against the collection of taxes is sought.

It is not at all clear from the averments of the petition, as a matter of law, that *all* the taxes whose collection were sought to be enjoined are illegal or unjust. Nor is it absolutely certain, from the allegations of the petition, that the school tax in question is unconstitutional or unauthorized.

If the district court had the power, in a suit of this character, to try the question as to the legality of the organization of the corporation of the city of Hempstead, or the regularity and legality of the election of the appellee, sought to be attacked, it would not be authorized to do so under the meagre averments of the petition.

There is practically no statement of facts, and under all the circumstances of the case as disclosed by the record, the district court did not err in dissolving the injunction and dismissing the petition, and the judgment is accordingly affirmed.

.                                        AFFIRMED.

[Opinion delivered February 20, 1883.]


ON MOTION FOR REHEARING.

WEST, ASSOCIATE JUSTICE.— The judgment of the district court in this case was affirmed at a previous day of the term, because of the manifest want of equity on the face of plaintiff's petition. Previous decisions of this court were then referred to, but not cited by name, in the opinion, as authority for their conclusion. It has been held by this court, in cases of this character, that a mere allegation, that the sale for taxes would cast a cloud upon the appellant's title, would not of itself justify the court in interfering by the issuance

Opinion on motion for rehearing.

of a writ of injunction to prohibit the collection of the entire tax claimed, where it does not appear that the whole tax is illegal.

The party must show that he is not himself in default. If the appellant desired to test the validity of the school tax in question, he should have paid the *ad valorem* and occupation taxes that were justly due the corporation. Unless he pays the taxes which are just charges against his property, he cannot complain that a court of equity refuses to hear him or grant him relief. R. G. R. R. Co. v. Scanlan, 44 Tex., 649; Harrison v. Vines, 46 Tex., 22.

The patent defects in the petition were specially called to the attention of the appellant by the motion to dissolve the injunction, and also by the demurrer and special exceptions, bringing in question the sufficiency of his averments to justify the interposition of a court of chancery in his behalf.

He could have then amended his petition, had he seen fit to do so, by tendering or paying into court the amount of the *ad valorem* and occupation taxes, and by setting up specially and particularly the precise equitable grounds upon which he relied to have the injunction perpetuated, and the nature and character of the irreparable damage that would consequently result to him under the circumstances, unless the court gave him this relief.

The entire amount of the tax in actual dispute was only twenty-four dollars ($24). We consider it doubtful, under the facts set forth in the pleadings, whether a case was disclosed that would authorize the interposition of the district court through the instrumentality of a writ of injunction. City of Marshall v. Snediker, 25 Tex., 471; Galveston Co. v. Gorham, 49 Tex., 306.

It has never yet been held by this court, so far as we are aware, that, under the state of facts here alleged, this court would exercise the jurisdiction sought to be invoked. Red v. Johnson, 53 Tex., 288; Galveston City Co. v. City of Galveston, 56 Tex., 487; Girardin v. Dean, 49 Tex., 243.

All the authorities cited by both parties, together with many others bearing on the point, have been carefully examined and considered, and we see no cause for doubting the correctness of the judgment heretofore rendered in this cause. Dwyer v. Hackworth, 57 Tex., 245; Fort Worth v. Davis, 57 Tex., 225; Anderson County v. Houston & G. N. R. R. Co., 52 Tex., 239; *Ex parte* Towles, 48 Tex., 413; Williamson v. Lane, 52 Tex., 335.

The motion for rehearing is refused.

REFUSED.

[Opinion delivered March 6, 1883.]