M. M. PURINTON ET AL. V. F. M. DAVIS.

(Case No. 5975.)

1. EXECUTION SALE—REALTY—INJUNCTION—EQUITY—Injunction is the only remedy to prevent the levy upon and sale of land under execution. It can only be invoked when the remedy at law is inadequate, and trespass to try title is an adequate legal remedy after sale in all cases in which the sale will pass only the title of the defendant in execution.
2. SAME—See opinion for case held not to call for equitable interposition.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

Appellant, M. M. Purinton, joined by her husband, brought suit for the purpose of restraining F. M. Davis, sheriff of Wichita county,

from selling seven tracts of land under an execution in favor of S. D. Cook against W. W. Purinton, the husband of plaintiff. The petition alleged that the land was the separate property of Mrs. Purinton and that its sale under execution would cause her irreparable loss and injury, etc. A temporary injunction was granted on October 30, 1885, which was dissolved on motion of defendant on May 1, 1886.

*Swan & Bomar*, for appellants, cited: Hardy *v.* Broaddus, 35 Tex., 668; Moore *v.* Gammel, 13 Tex., 122; Pom. Eq., secs. 1245, 1399, and notes; High on Inj., secs. 438, 439; Alverson *v.* Jones, 70 Am. Dec., 689; Schefferling *v.* Huffman, 62 Am. Dec., 281; Pettit *v.* Sheperd, 5 Paige, 501; Shattuck *v.* Carson et al., 2 Cal., 508; Roe *v.* Daley, Posey's Texas Unreported Cases, 247; Clegg *v.* Varnell, 18 Tex., 294; Anderson county *v.* Kennedy, 58 Tex., 624; Pom. Eq., secs. 245, 254, 255, and cases there cited; 1 High on Inj., sec. 12; Fellows *v.* Fellows, 15 Am. Dec., 413.

*M. D. Priest*, for appellee, cited: Carlin *v.* Hudson, 12 Tex., 203; Whitman *v.* Willis, 51 Tex., 427; Ferguson *v.* Herring, 49 Tex., 130; High on Inj., sec. 345.

ROBERTSON, ASSOCIATE JUSTICE.—The title to personal property can be tested in advance of sale under execution by a trial of the right of property under the statute. With respect to realty, legislation has not interfered with the law as it was aforetime. There is no means of preventing a levy upon and sale of land under execution except by injunction. Injunction is a chancery process. It can be invoked only when the remedy at law is inadequate. Trespass to try title is an adequate legal remedy after sale in all cases in which the sale will pass only the title of the execution defendant. Under the Revised Statutes an execution sale institutes an innocent purchase in all cases in which a voluntary sale by the defendant would have that effect. Art. 2318. If the deeds under which Mrs. Purinton claims the land levied upon as the property of her husband are made to her, and recite that the consideration was paid from her separate means, her title is not jeopardized by the threatened sale. What the facts are in this particular her petition for injunction does not disclose. She does not, therefore, show a case calling for equitable interposition.

Her counsel insists that equity should interpose to prevent a multiplicity of suits. A number of different tracts of land are levied upon; there may be as many purchasers as there are tracts, and some of them may be citizens of other states, and thus she may be sued in

the federal court, or may have to bring a number of suits. If the deeds were made to her before her marriage with the execution defendant, or if they were made to her afterwards and recite that the consideration was paid from her separate means, no cloud is cast upon her title, and she has no occasion to sue the purchasers, nor has she any ground for apprehending that the purchasers upon such title would institute actions against her. If her title is evidenced by such conveyances as are supposed, and the recitals are true, she has no occasion for alarm; if the recitals are false, she is entitled to no consideration in equity.

The petition shows no jeopardy to Mrs. Purinton's title, and the exceptions were properly sustained, and the judgment of dismissal is affirmed. This judgment will not prejudice Mrs. Purinton's right to enjoin the sale, if her title is in a condition, not shown here, in which it would be imperiled by the proposed sale.

AFFIRMED.

[Opinion delivered June 18, 1886.]