| 75   611|
| 78   158|

                          ———

### M. W. MANN v. WALLIS, LANDES & CO. ET AL.

#### No. 2756.

**1. Injunction Restraining Execution Sale.**—A sale of land under execution
will not be enjoined at the instance of one not a party to the execution on the sole
ground that the third party claims to own the property. It must be further shown
that his right will be injuriously affected, or that some irreparable injury will follow
if the sale be made.

**2. Same—Case in Judgment.**—Complainant alleged his purchase of the land, a
part of the rural homestead of defendant in execution, March 11, 1889. The execution
was levied April 10, 1889, on the land, no prior lien being alleged. *Held*, in applica-
tion for injunction that there was no necessity shown for a resort to a court of equity
for protection.

**3. Same—Clouding Title.**—Injunction will be granted to prevent a cloud being
cast upon the title where the evidence on which the right depends is not of record or
shown in the papers through which the right depends.

**4. Practice in Injunction Suits.**—Where exceptions to the petition are sus-
tained and no amendment is made or proposed, it is proper to dismiss the petition for
injunction. A trial upon merits would be useless.

APPEAL from Washington. Tried below before Hon. C. C. Garrett.
The opinion states the case.

*Bassett, Muse & Muse,* for appellant. — 1. The court erred in sustain-
ing the motion of the defendants Wallis, Landes & Co. to dissolve the in-
junction. Stoddard v. McMahan, 35 Texas, 268; Freem. on Ex., secs.
438, 439.

2. The court erred in dismissing the suit, and in refusing the plaint-
iff's request that the cause should stand over for trial on the merits.
Washington County v. Schulz, 63 Texas, 32, and authorities cited; Fer-
guson v. Herring, 49 Texas, 126.

*Davidson & Minor,* for appellees.—The court did not err in sustaining
appellees' motion to dissolve the injunction and in dismissing the cause,
and the petition was rightfully dismissed for want of equity.

STAYTON, CHIEF JUSTICE.—The nature and result of this suit, as
well as the substance of appellant's petition, are thus correctly stated in
brief of counsel:

The appellant, M. W. Mann, who was plaintiff in the court below,
brought this suit to enjoin the sale, under an execution in favor of Wallis,

Landes & Co. against Hunt & Co., of 86⅛ acres of land claimed by the plaintiff, and to clear his title thereto. Wallis, Landes & Co., plaintiffs in the execution; Hunt & Co., composed of P. W. Hunt and M. V. Hunt, defendants therein; and Dever, the sheriff, who was in possession of the writ and had levied on the premises under it, and was about to sell them, were joined as defendants. By an order of the judge, made in chambers, the sale was temporarily enjoined, but afterwards, on motion of the defendants Wallis, Landes & Co., the court dissolved the injunction and dismissed the bill.

The grounds of the motion were, (1) that the allegations of the petition were insufficient; (2) that it did not appear from the petition that the plaintiff had not a complete remedy at law; (3) that it did not appear that plaintiff was not a volunteer and interloper; (4) that it did not appear that the plaintiff was entitled to any relief in equity; (5) that it did not appear that the plaintiff had purchased the land before the lien of the defendants Wallis, Landes & Co. became fixed thereon.

The petition alleged that on and prior to the 11th day of November, 1888, and down to and including the 11th of March, 1889, the defendant P. W. Hunt owned and occupied the premises in the controversy, consisting of 86⅛ acres of land, which were part of the rural homestead of said Hunt and his family, he, the said Hunt, being a citizen of Texas and a married man and the head of a family; that said Hunt and his family were residing on the premises and occupying, using, and enjoying the same as part of their homestead; that afterwards, on said 11th of March, 1889, said Hunt, joined by his wife, by their deed of that date conveyed said premises in fee to the plaintiff, whereby the plaintiff became and was the owner thereof, of all which the defendants had due notice; that afterwards, on the 10th of April, 1889, the defendant Dever, sheriff, etc., having in his possession a writ of *fi. fa.* issued out of the County Court of Galveston County on a judgment of that court rendered on the ―――― day of February, 1889, in favor of Wallis, Landes & Co., and against Hunt & Co., for the sum of $267.06 with interests and costs, by virtue of said writ levied on the premises and advertised them for sale on the first Tuesday in May, 1889, and had threatened to sell and would so sell unless restrained, etc.; that the premises being the homestead of the family of said Hunt prior to his said sale to plaintiff, and being thereafter the property of plaintiff, were not subject to sale under said writ; but that the sale if made would cast a cloud upon the plaintiff's title, which would interfere with the sale thereof and depreciate its market value and the rental value thereof, to the plaintiff's great and irreparable injury; that should it appear upon the trial of the case that the premises were not protected from forced sale as part of the homestead of the family of said Hunt, the plaintiff is still the owner thereof, subject to such rights as the defendants Wallis, Landes & Co. may have under their

said judgment and execution; that the premises were reasonably worth the sum of fifteen hundred dollars, being about $1200 in excess of said defendants' claim, and it is to the interest of all the parties, both plaintiff and defendant, that their respective rights and interests in the property, and especially its status in respect of said claim of homestead, should be determined in advance of the proposed sale thereof under said execution, in order that, should the same be held subject to said judgment and execution, the plaintiff may have an opportunity to redeem the same by payment of the debt, and that in the event of a sale the title of the premises may be cleared and bidders apprised of the status thereof so as to be enabled to bid thereon intelligently, and that the same may bring its fair value.

While there is some conflict of decision, the great weight of authority sustains the proposition that a sale of land under execution will not be enjoined at the instance of one not a party to the execution on the sole ground that such third person claims to own the property.

To entitle such a person to injunction he must show that his right will be injuriously affected, or that some irreparable injury will follow if the sale be made.

This is the settled rule of this court.   Carlin v. Hudson, 12 Texas, 203; Henderson v. Morrill, 12 Texas, 1; Whitman v. Willis, 51 Texas, 432; Purinton v. Davis, 66 Texas, 456; Spencer v. Rosenthall, 58 Texas, 4.

It was incumbent on appellant to allege such facts as would show if the sale proceeded that he had not a clear and adequate remedy at law for the enforcement of any right he may have.

The case which his petition makes is simply that the property in question was a part of the rural homestead of P. W. Hunt and family on March 11, 1889, when he acquired title thereto by a conveyance made by Hunt and wife.

If this was true, title to the land vested in him, whether the land was part of the homestead of Hunt or not.

The petition shows the rights of appellees to depend on the fact that some time in February, 1889, they recovered a judgment against a firm of which Hunt was a member, under which an execution issued that on April 10, 1889, was levied on the land.

It is not shown that appellees had in any manner attempted to fix a lien on the land prior to his purchase, nor that they claim to have acquired any right superior to his by reason of the fact that the levy was made without notice of his purchase; but on the contrary it is alleged that they had full notice of his right.

If these facts be true, appellant need not resort to a court of equity for the protection of his right, for his title having accrued prior to the time appellees are shown to have acquired any right, an action of trespass to try title would secure to him every right which he asserts.

On sale under execution his possession would not be disturbed.

Whether in or out of possession, appellant could maintain an action of trespass to try title successfully against any one claiming under the sale sought to be enjoined, if the facts are as stated in his petition.   Thompson v. Locke, 66 Texas, 383.

An adjudication of title is as effective in the protection of right as is a decree in equity removing cloud from title.

If appellant intended to base his right to relief sought on the proposition that the deed to himself was not recorded, and that appellees denied notice of the conveyance to him at the time their levy was made, or on the ground that appellees denied that the property was homestead at the time he bought, or that he was a bona fide purchaser for value, he should have alleged such facts, and the question would then have arisen whether resort to a court of equity was necessary to prevent cloud upon his title.

That such issues were involved can not be presumed when not made by the pleadings.

In Gardner v. Douglass, 64 Texas, 76, sale under execution was enjoined at the prayer of husband and wife on the ground that the property sought to be sold was the homestead of the family whose head was defendant in execution, and on the further ground that the property was in part the separate property of the wife by reason of the fact that in part it was paid for with her separate funds.

The property had not been actually used for home prior to time an abstract of the judgment under which the execution issued was recorded.

The decision in that case is in line with all the decisions which hold that injunction will issue to prevent cloud upon title, when the evidence on which the right depends is not of record or shown in the papers through which the right depends.

In Van Ratcliff v. Call, 72 Texas, 492, the facts were similar to those alleged in this case, except in that case an abstract of the judgment under which the execution issued had been properly recorded in the county in which the land was situated before the debtor sold to the persons seeking injunction.

The question was whether homestead when the abstract of judgment was filed, and so continued until sale to persons seeking injunction.

It was also alleged that the property was bought for purpose of sale.

Injunction in that case was perpetuated under the rules which apply to the granting of such relief to prevent cloud upon title.

It may be desirable to appellant to know before the sale is made whether his title will prevail over one to be acquired under the sale sought to be enjoined, in order that he may act in accordance with his own best interest, but this furnishes no sufficient reason for entertaining proceedings for injunction not authorized by the facts stated.

There was no proposition to amend when exceptions to the petition were sustained, and it would have been folly to permit the cause to stand for a hearing on the facts, when if every fact alleged had been proved they would have furnished no ground for relief.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered January 14, 1890.