### D. L. Wylde et al. v. J. W. Capps et al.

#### Decided November 21, 1901.

**1.—Injunction—General Demurrer.**

Where the exceptions to a petition for injunction assert merely that "there is no equity shown in the bill and no cause of action sufficient to give jurisdiction to an equity court, and plaintiff has a full and adequate remedy at law," this amunts to nothing more than a general demurrer.

**2.—Same—Sale of Homestead.**

That an injunction will lie to restrain an execution sale of the homestead is now well settled.

**3.—Same—Pleading—Petition Held Sufficient.**

A petition showing affirmatively that the property the sale of which is sought to be enjoined is the homestead of plaintiff's, and negativing the fact that the judgment upon which the writ issued constituted any lien upon the property, is good as against a general demurrer.

Appeal from Chambers.  Tried below before Hon. L. B. Hightower.

*J. S. Gregory,* for appellant.

*Jackson & Hightower,* for appellees.

PLEASANTS, Associate Justice.—Appellees, J. W. and Maggie C. Capps, brought this suit to enjoin the sale by appellants under execution of property claimed by appellees as their homestead.  The petition for injunction alleges that plaintiffs are husband and wife, and are the owners of lot 20, in block 44, in the town of Stowell, Texas; that said lot was purchased by them on the 28th day of December, 1899, with the intention of making it their homestead; that immediately after their purchase of said lot they erected a building thereon, and took possession of and occupied the same as their home until the —— day of March, 1900; that on the —— day of March, 1900, the defendants, D. L. Wylde and Louis Wylde, claiming an indebtedness of some kind against the plaintiff J. W. Capps, and being advised by and acting in conspiracy with the defendant J. S. Gregory, with the view of harassing and annoying the plaintiffs, and especially with the view of coercing and intimidating the plaintiff J. W. Capps to pay off and discharge said indebtedness, filed suit against said J. W. Capps in Justice Court for precinct No. 7 of Chambers County, and caused a writ of attachment to be issued, and instigated and caused the defendant A. P. Burke, constable of said precinct, to levy said writ upon said lot and premises, the homestead of plaintiffs as aforesaid, and to take forcible possession of said premises and exclude plaintiffs therefrom; that at the time said writ of attachment was issued and levied as aforesaid each and all of said defendants well knew that said premises were plaintiffs' homestead, and have well known ever since the levy of said writ that said premises constituted the homestead of plaintiffs, and was so avowedly claimed by them, but not-

withstanding their knowledge of such facts said defendants have continued and still continue to act together and conspire with each other to forcibly and unlawfully withhold possession of said premises from plaintiffs. The petition then alleges that plaintiffs have been greatly damaged by the said wrongful acts of said defendants, setting out the various items of damage claimed, and prays judgment therefor, and contains the following additional allegations:

"Said plaintiffs further represent unto your honor that said defendants, D. L. Wlyde and Louis Wylde, composing the firm of D. L. Wylde & Son, claiming an indebtedness against the said plaintiff J. W. Capps in the sum of $140, have caused an execution to be issued out of the Justice Court of precinct No. 7 of Chambers County, Texas, and have caused the said defendant John L. Frost, sheriff of said county, to levy the same upon lot No. 20 in block No. 44 in the town of Stowell, Chambers County, Texas, which property constituted, and long prior to the levy of said execution did constitute, the homestead of plaintiffs, and that the said defendant J. S. Gregory conspired with and instigated the said D. L. Wylde and Louis Wylde to levy said writ of execution upon said property, and that the said D. L. Wylde and Louis Wylde and the said J. S. Gregory are now insisting that said sheriff, John L. Frost, sell said lot, the homestead of said plaintiff, under said writ of execution, and that said sheriff has posted up notices of sale of said lot and advertised same for sale, as under said writ of execution, on the 3d day of July, 1900, and unless restrained and enjoined by your honor's most gracious writ of injunction, said sheriff will proceed to sell said premises on the said 3d day of July, 1900, in absolute disregard of the rights of the plaintiffs and their homestead privileges as aforesaid, and in violation of the Constitution and laws of this State, and unless restrained and enjoined by your honor's most gracious writ of injunction the said defendants, D. L. Wylde and Louis Wylde, and J. S. Gregory will continue to instigate and urge said sheriff to sell their said homestead under said writ of execution, and will cause him to in fact sell the same, and will cause other writs of execution to be levied upon plaintiffs' said homestead, and will insist that sales of the same be made under such writs, and will continue to harass and annoy and damage plaintiffs, and that said constable, A. P. Burke, unless restrained and enjoined by your honor's most gracious writ of injunction, will levy other writs of execution upon plaintiffs' said homestead and sell the same thereunder, which he is now threatening to do; and that unless restrained and enjoined by your honor's most gracious writ of injunction each and all of said defendants will continue to exclude plaintiffs from their said homestead and to unlawfully withhold same from them, in disregard of their right of possession to said premises as their homestead and in violation of the Constitution and laws of this State.

"Wherefore plaintiffs pray for your honor's most gracious writ of injunction, restraining and enjoining the said John L. Frost, sheriff as

aforesaid, from selling their said homestead under said writ of execution, as he has threatened and advertised to do, and will do, unless restrained and enjoined, and restraining and enjoining the said defendants, D. L. Wylde and Louis Wylde and J. S. Gregory, from urging said sheriff to sell their said homestead, and from urging and insisting upon any other person selling the same under execution or otherwise, and restraining the said defendant, A. P. Burke, from levying any writ of execution upon their said premises, or from in any manner interfering with the same. And plaintiff further prays that each and all of said defendants be restrained and enjoined from in any manner interfering with said premises by excluding plaintiffs therefrom, and that said defendants and each and all of them be required and enjoined to turn over the possession of said premises to plaintiffs, and to desist from all trespass thereupon, and from in any manner interfering with the rights of plaintiffs therein and their right of possession thereto."

The district judge in vacation granted a temporary injunction restraining the defendants from selling or attempting to sell plaintiffs' homestead or from levying any execution thereon or in any way interfering with the possession and enjoyment of same by plaintiffs, and on final hearing of the cause at the next term of the court the injunction was perpetuated. From this judgment only the defendants D. L. and Louis Wylde and J. S. Gregory have appealed.

Appellants' first and second assignments of error complain of the judgment of the trial court in overruling appellants' exceptions to plaintiffs' petition. These exceptions are as follows: "Come now D. L. Wylde and Louis Wylde, two of the defendants in above entitled cause, and they demur to plaintiffs' petition filed herein for the following reasons: (1) There is no equity shown in the bill, and no cause of action sufficient to give jurisdiction to an equity court. (2) Plaintiffs have a full and adequate remedy at law."

These exceptions amount to nothing more than a general demurrer to the petition, and we think were properly overruled. That an injunction will lie to restrain the sale of a homestead seems to be well settled. Gardner v. Douglass, 64 Texas, 76; Seligson v. Collins, 64 Texas, 314; Kelly v. Whitmore, 41 Texas, 647; Van Ratcliffe v. Call, 72 Texas, 493.

This petition affirmatively shows that the property, the sale of which is sought to be enjoined, was the homestead of the plaintiffs, and negatives the fact that judgment upon which the writ issued constituted any lien upon the property. We think as against a general demurrer the petition discloses a cause of action which entitled plaintiff to the relief prayed for, and the trial court did not err in overruling the exceptions.

Appellants' third assignment of error complains of the ruling of the trial court in sustaining plaintiffs' exceptions to defendants' answer. This assignment can not be sustained, because the record shows no such ruling by the trial court. The only judgment of the trial court upon exceptions appearing in the record is a judgment overruling defendants' exceptions to the petition, and as this judgment then recites that the

cause was then heard upon its merits and judgment rendered in favor of the plaintiffs, the record negatives the contention of appellants that their answer was stricken out.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*