CANALES et ux. v. CANALES et al.
(No. 5842.)

(Court of Civil Appeals of Texas. San Antonio.
Dec. 6, 1916. Rehearing Denied
Jan. 10, 1917.)

HOMESTEAD ⊂∾209½ — SALE UNDER EXECUTION—TEMPORARY INJUNCTION.

In a suit to restrain sale under execution of an alleged homestead, the plaintiffs were entitled to a temporary injunction, restraining a sale of the property, to prevent a cloud upon the title, until the cause could be tried on its merits.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. ⊂∾209½.]

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Suit for injunction by Fructuoso Canales and wife against Andres Canales and others. From an interlocutory order refusing a temporary injunction, plaintiffs appeal. Reversed, and temporary injunction granted.

S. H. Woods, of Alice, for appellants. Canales & Dancy, of Brownsville, and J. F. Carl, P. H. Swearingen, Jr., and Geo. G. Clifton, all of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellants to restrain the sale under execution of a certain tract of land alleged to be the homestead of appellants, and consequently exempt from sale under execution. There was a preliminary hearing of the cause, and this appeal is perfected from an interlocutory order of the court refusing a temporary injunction.

The evidence was conflicting as to whether the land in dispute was a homestead or had been abandoned by appellants, but the question was one of fact, and forms a reasonable ground for the belief that appellants will probably sustain great harm if this property is sold under execution, and that nothing but a short delay will be encountered by appellees. We think, therefore, that the court should have granted the temporary writ of injunction and restrained a sale of the property until the cause could be tried on its merits. Friedlander v. Ehrenworth, 58 Tex. 350; Daniels v. Daniels, 127 S. W. 569.

Even if the old rule of refusing an injunction, when the applicant has an adequate legal remedy, were in force in Texas, the right to an injunction to restrain the sale of a homestead, under execution, would exist. The sale would cast a cloud upon the title to the property, and the owners would have the right to an injunction to prevent such cloud. Joyce on Injunctions, §§ 708, 709; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Mann v. Wallis, 75 Tex. 611, 12 S. W. 1123; Leachman v. Capps, 89 Tex. 690, 36 S. W. 250; Wylde v. Capps, 27 Tex. Civ. App. 112, 65 S. W. 648; Barr v. Simpson, 54 Tex. Civ. App. 105, 117 S. W. 1041.

Appellants have a case which should be

determined, if they so desire, by a jury, on its merits, and they should not have a cloud placed on their title before a final trial, which they will be compelled to have removed.

The judgment of the trial court is reversed, and a temporary writ of injunction is granted, restraining the sale of the land described in the petition until the cause is finally disposed of on its merits.