**DAVIS et al. v. SANTA ROSA INFIRMARY.
(No. 6347.)**

(Court of Civil Appeals of Texas. San Antonio. March 10, 1920.)

**1. Taxation ⟨⟩251—Charity exempt only from realty tax cannot enjoin entire tax.**

A public charitable corporation assessed with taxes on personalty, from which it is not exempt, as well as with taxes on realty, from which it is exempt, cannot enjoin collection of the entire tax.

**2. Injunction ⟨⟩118(1)—Plaintiff must negative every inference against his right to relief.**

In suit for injunction, the material and essential elements which entitle plaintiff to relief must be stated with sufficient certainty to negative every reasonable inference arising on the facts stated from which it might be deduced that under other supposable facts plaintiff might not be entitled to relief.

**3. Taxation ⟨⟩251—Charity entitled to defend suit to enforce lien for taxes held not entitled to injunction.**

Where taxes on the land of an alleged public charity can be collected only through suit to enforce lien therefor, and any invalidity of the taxes as on a charity exempted by the Legislature under the constitutional provision can be urged in defense of such action, the charity prior to such collection suit is not entitled to injunction against collection, having an adequate legal remedy.

Appeal from District Court, Bexar County; W. W. Walling, Special Judge.

Suit by the Santa Rosa Infirmary against J. R. Davis and others. From judgment for plaintiff, defendants appeal. Reversed, and cause remanded.

T. J. Newton, of San Antonio, for appellants.

Don A. Bliss and J. C. Sullivan, both of San Antonio, for appellee.

FLY, C. J. This is an application for an injunction by appellee, which is a private corporation organized under the laws of Texas, with its domicile in the city of San Antonio, against J. R. Davis, county judge of Bexar county, Jacob Rubiola, J. S. McNeel, Frank Sommers, and J. N. Covington, members of the commissioners' court, Albert Huth, assessor of taxes for Bexar county, and John A. Bitter, collector of taxes of said county, to restrain them from "levying upon and selling" for the payment of certain taxes certain property "known as the Santa Rosa Hospital property or the Santa Rosa Infirmary property." Upon a hearing of the cause the claim of the state and county for $1,077.40 for 1918 was canceled, and appellants perpetually enjoined as prayed in the petition.

After alleging that the property had been acquired by the Sisters of Charity of the Incarnate Word in 1890, and that appellee, a charitable and benevolent corporation, acquired it from that organization, and that appellee had "used the same exclusively as an institution of purely public charity," and that its vendors had always so used it while the property was theirs, it was further alleged:

"Though said property was and is exempt from taxation under the Constitution and laws of this state, the said defendant Huth, in his capacity as assessor of taxes of said Bexar county, assessed the same for state and county taxes for the year 1918, which taxes, penalty, and interest now amount to the sum of, to wit, $1,077.40, and the said commissioners' court of said county approved the tax rolls including said assessment, and the said defendant Bitter, in his capacity as collector of taxes of said county, is attempting to collect said taxes, and is threatening to levy on said property and sell the same under the law for the payment of said taxes. The said defendants claim that there is a lien on said property securing the payment of said taxes, and they are threatening to bring suit for said taxes and for a foreclosure of said alleged lien on said property. And plaintiff avers that, unless restrained and prohibited by the writ of injunction hereinafter prayed for, the defendants will cause said property to be levied upon and sold for the amount of said taxes, interest, and penalty; and they will cause suit to be brought for the amount of said taxes, interest, and penalty, and for a foreclosure of said alleged lien. The said claim of defendants casts a cloud upon the title of plaintiff to said property."

Appellants answered by general demurrer and special exceptions, and by a denial that appellee was an institution of purely public charity. There was no general denial or denial of the truth of other allegations in the petition.

The first assignment of error complains of the court overruling the general demurrer. There is no allegation in the petition that appellee owned any personal property, but the suit is to restrain a levy upon and sale of the real property and the institution of a suit and remove a cloud from the title. If appellee had alleged that it owned personal property, and had asked that appellants be restrained from levying upon and selling the personal property to collect the taxes due on the land, it would have asked restraint of an act that appellants could have put into execution under the law, for it is provided that personal property may be seized for any and all taxes due. Articles 7630–7632, Rev. Stats. The application for injunction applies to real property alone.

The allegations of the petition show that the property had been assessed and the rolls placed in the hands of the tax collector and a suit threatened, but shows that no suit

had been instituted. Without a suit and a foreclosure of the tax lien on the real property, no levy could be made and no sale take place, and if, as alleged in the petition, a suit was merely threatened, appellee, when that suit was instituted, could interpose its defense of exemption of its property from taxation and receive all the protection in a court of law that it seeks to obtain in a court of equity.

The law does not look with favor upon the issuance of injunctions to restrain the collection of taxes, and only permits such course when it is clear that the applicant has no adequate legal remedy. Beach on Inj. §§ 1189–1191, 1194. In the last section cited a Pennsylvania case is referred to, in which it was held that an injunction would be refused where the taxing powers refuse a claim for exemption. Clinton School Dist. App., 56 Pa. St. 315. In the case of Stephens v. Railway Company, 100 Tex. 177, 97 S. W. 309, appellee had obtained an injunction restraining the collection of certain taxes, and the court, in reversing the judgment, held:

"The allegation that the judgment, when rendered, would constitute a lien upon the property and a cloud upon the title thereof could furnish no ground for an injunction, for the judgment could only be rendered after notice to the taxpayer and a hearing in court upon a claim established according to law; therefore the lien which the judgment might hold, if any, and the cloud that might be cast upon the title of the property by failure to discharge the judgment, would be just such results as every defendant in a court who is subjected to a judgment must suffer as a consequence of his failure to discharge his obligation for which the judgment was rendered."

Again, in the case of Railway v. Shannon, 100 Tex. 379, 100 S. W. 138, 10 L. R. A. (N. S.) 681, the court, referring to the case of Stephens v. Railway, held:

"In that case the tax, which was a state tax, was enforceable only by a suit in behalf of the state; and the railroad company had a plain, adequate, and complete remedy at law, by showing in defense of the suit the invalidity of the tax as to it."

So in this case the taxes against appellee could be collected only through a suit to enforce a lien, and the invalidity of the tax could be urged in defense of the action. There could have been but one suit; against that appellee could have interposed its defenses. Cole v. Forto, 155 S. W. 350.

The only allegation as to a cloud on its title in the petition is:

"The said claim of defendants casts a cloud upon the title of plaintiff."

The only claim mentioned in the application is that—

The "defendants claim that there is a lien on said property securing the payment of said taxes."

Under the law there could have been no danger of a levy upon the land or a sale, because there was no judgment, and there could be no equity in restraining the institution of a suit which could, under proof of proper facts have been effectually met, and consequently there was nothing alleged against which an injunction could be invoked, unless it was done to prevent or remove cloud upon the title. Speaking in a similar case, the Supreme Court of Alabama, in Boyd v. City of Selma, 96 Ala. 144, 11 South. 393, 16 L. R. A. 729, held:

"The rule on that subject, as declared in this state, is that 'in addition to illegality, hardship, or irregularity, the case must be brought within some of the recognized foundations of equitable jurisdiction, and that mere errors of excess in valuation, or hardships, or injustice of the law, or any grievance which can be redressed by a suit at law, either before or after payment of the taxes, will not justify a court of equity to interfere by injunction to stay collection of the tax.' Here the right is claimed on the ground that the assessment by the terms of the statute has the force and effect of a judgment at law on all appellant's property in said city, including his real estate, which judgment is made a preferred lien, and that it therefore creates a cloud on his title, which he has the right to come into equity to remove. Whether this statement of the bill would bring the case within the rule as above declared it is unnecessary now to decide, for the reason that it is clear the charter itself provides a complete and adequate remedy at law. * * * From this it is plain that appellants had a full, complete, and adequate remedy at law, and that the tax, if illegal, could not have been properly enjoined in this suit."

In the case of Mann v. Wallis, 75 Tex. 611, 12 S. W. 1123, a suit was not brought to prevent a suit being instituted, but to restrain an execution sale, and the court, even in that sort of case, held that the plaintiff must show that his right will be injuriously affected, or that some irreparable injury will follow if the sale be made, and that he had not a clear and adequate remedy at law. Under the facts of the case, now before this court, the allegations do not show a case of irreparable injury, and do not show that there is not a clear and adequate remedy at law. Under the facts alleged, however, it is apparent that appellee has an adequate remedy at law.

[1] In the case of Red v. Johnson, 53 Tex. 284, it was held that a petition for injunction to prevent the collection of taxes, which discloses no individual damage about to be suffered from the sale sought to be enjoined, except that the sale would cast a cloud on the title of the plaintiff, is not sufficient to authorize the injunction. In the present

case there is no allegation that there was not included taxes on personal property not exempt from taxation. If there was, appellee could not enjoin a collection of the entire tax. Harrison v. Vines, 46 Tex. 15; Blanc v. Meyer, 59 Tex. 89.

[2, 3] In the case of Scott v. All Saints Hospital, 203 S. W. 146, there was an admission that there was personal property also, and the suit was originally to restrain the collection of taxes on that property, but that was abandoned and the taxes paid on the personal property. Such being the case, the personal property of the hospital could have been seized and sold to collect the taxes on the real estate, and there would possibly be no adequate remedy at law. However, the question of the sufficiency of the pleadings was not raised, nor the matter of adequate remedy at law discussed. In the case now before this court there was no allegation that there was or was not personal property included in the assessment. If there was personal property and the taxes on it were not paid, then the injunction could not be invoked. If there was no personal property, then the property could not be levied upon without suit and judgment. The rule, in suits for injunction, as to pleadings, is:

"The rule of pleading, that the statements of a party are to be taken most strongly against himself, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Gillis v. Rosenheimer, 64 Tex. 243; Cotulla v. Burswell, 22 Tex. Civ. App. 329, 54 S. W. 615; Lane v. Bell, 53 Tex. Civ. App. 213, 115 S. W. 919; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Schlinke v. De Witt County, 145 S. W. 660.

In the cases of Waco National Bank v. Rogers, 51 Tex. 606, Blanc v. Meyer, 59 Tex. 89, Gardner v. Douglass, 64 Tex. 76, Court v. O'Connor, 65 Tex. 334, Mann v. Wallis, 75 Tex. 611, 12 S. W. 1123, Davis v. Burnett, 77 Tex. 3, 13 S. W. 613, Schmidt v. Railway, 24 S. W. 548, and Kerr v. Corsicana, 35 S. W. 694, the injunctions were sought to restrain the sale of lands under levy of execution or seizures. The injunctions were not sought to restrain a county tax collector from instituting suits to collect taxes, and consequently they have no application in this suit. In only one of them did a question as to the pleadings arise, and that does not touch this case.

To summarize: The general demurrer should have been sustained because the petition failed to show that appellee did not have an adequate remedy at law; because the petition not only fails to show any effort or desire to levy on the property, or any other, but shows affirmatively that under the law the property could not be seized, because the petition fails to show that any suit had been instituted, but only threatened.

It is not only unnecessary, but would, in view of the cause being remanded, be improper, to discuss the facts, but in order to be of assistance on another trial we call attention to the fact that what constitutes an institution of purely public charity is not left to surmise or decision, but is clearly and fully defined in the statute. It says:

"An institution of purely public charity under this act is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property, and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provides homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons." Article 7507, Rev. Stats.

The petition failed to allege any facts showing that appellee is an institution exempt from taxation, but merely stated the conclusion that the property was used "exclusively as an institution of purely public charity." The Constitution does not define public charity institutions, nor does it exempt such institutions from taxation, but merely permits the Legislature to do so.

The court overruled the demurrers to the petition, and of course there was no call for appellee to amend, and the cause must be remanded in order to permit amendment, if so desired.

The judgment is reversed, and the cause remanded.