**BOYKIN et al. v. PIERCE et al.[*]
(No. 10015.)**

(Court of Civil Appeals of Texas. Fort Worth. March 11, 1922. Rehearing Denied April 15, 1922.)

**Execution ⚖⇒171(2)—Lies to restrain sale under execution against nonowner despite legal remedy by trespass to try title.**

Under Rev. St. 1911, art. 4643, authorizing an injunction to prevent a cloud on title of land sold under an execution against one having no interest therein, the owners of lots advertised for sale under an execution against their grantor were entitled to an injunction, despite their legal remedy by a suit in trespass to try title, though the petition failed to allege actual possession and actual or constructive notice of their claim or to negative the possibility of a conveyance to defraud creditors.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by R. U. Pierce and another against Stanley Boykin and another. From an interlocutory order granting a temporary writ of injunction, defendants appeal. Affirmed.

Stanley Boykin and H. C. Ray, both of Fort Worth, for appellants.

Marvin H. Brown, of Fort Worth, for appellees.

CONNER, C. J. This is an appeal from an interlocutory order of the Forty-Eighth district court granting a temporary writ of injunction restraining a sale of real estate under execution.

It is alleged in the petition for the writ that on the 3d day of November, 1920, the appellant, Stanley Boykin, obtained a judgment in the county court of Tarrant county for civil cases against W. E. Conn for the sum of $250 and costs of court, and that an abstract of this judgment was filed for record on the abstract of judgment records of Tar-

rant county on December 9, 1920; that on the 22d day of September, 1921, the said Stanley Boykin caused an execution to be issued upon said judgment and levied by the sheriff of Tarrant county on certain lots of land situated in the town of Crowley in said county, and that thereunder the land was advertised for sale on the 1st day of November, 1921.

The plaintiffs alleged that they were at all times mentioned the joint owners of the right and title to and had the full and complete possession and control of the lots described, which they owned in fee simple; that Conn owned no interest in the lots at the time the judgment was abstracted; that the plaintiffs were not parties to the suit against Conn; that plaintiffs acquired their title from Conn by a general warranty deed on the 20th day of August, 1920, prior to the defendant's institution of the suit and prior to the judgment obtained by him against Conn; that in said suit the defendant did not attempt to fix any lien nor did the judgment fix a lien on or order the sale of the specific property. It was further alleged that the abstracting of the judgment and levying and threatened sale under the execution against Conn would create a cloud upon plaintiff's title and cause irreparable injury.

The objections to the petition, urged in behalf of appellant, to the effect that the petition failed to allege that the deed from Conn to one of the plaintiffs was recorded prior to the record of the abstract of the defendant's judgment and failed to negative the possibility that Conn had conveyed the lots to the plaintiffs while insolvent for the purpose of defeating and delaying his creditors, and failed to negative notice of the claim of the appellant, and failed to allege that the possession of the plaintiffs was actual instead of constructive, are all objections that might be material if the right of the plaintiffs rested alone upon principles of equity and rules relating to equity pleading which were applied prior to the amendment of article 4643, 1911. Rev. Statutes, authorizing judges of district and county courts to grant writs of injunction in the cases there specified.

The amended article, so far as pertinent, thus reads:

"Judges of the district and county courts shall, either in term time or vacation, hear and determine all applications and may grant writs of injunctions returnable to said courts in the following cases:

*    *    *.    *    *    *    *

"(3) In all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and as provided by statutes in all other acts of this state, providing for the granting of injunctions, or where a cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

It seems evident that the proceedings by appellant against Conn, as alleged, would not divest appellees of their title or disturb their possession if true, as they alleged, that they were the fee-simple owners of the lots in question, acquired by warranty deed before the proceedings instituted by appellant, and hence that the remedy of injunction as allowed in equity was not available for the reason that such alleged proceedings by the plaintiff of themselves do not create irreparable injury or require the restraint of the threatened sale for the reason that in such case an adequate remedy at law exists. That is to say in such case, after appellant should have procured the sale of the lots, appellees could yet establish the validity of their title and their right to possession by the legal remedy of a suit in trespass to try title. And it was upon this ground that it was held by our courts prior to the amendment of the statute referred to that an injunction, under the circumstances alleged in the petition before us, was held not to be available. See Carlin v. Hudson, 12 Tex. 202, 62 Am. Dec. 521; Purinton v. Davis, 66 Tex. 455, 1 S. W. 343; Mann v. Wallis, Landes & Co., 75 Tex. 611, 12 S. W. 1123. The amendment, however, seems to have been intended to avoid the effect of these decisions in cases where the threatened acts would cast a cloud upon the title of the real estate levied upon as the property of a person having no interest in such real estate subject to the execution at the time of the sale. The subject and effect of the amendment is treated in a very interesting and satisfactory manner by Mr. Justice Boyce, of the Amarillo Court of Civil Appeals, in the case of Guaranty State Bank & Trust Co. v. Thompson, 195 S. W. 960. In that case the property of the Model Brick Company had been sold by a receiver theretofore appointed, and Thompson and another purchased the property at the sale, which was subsequently confirmed by the court and a receiver's deed executed. The Guaranty State Bank & Trust Company, on the same day that the receiver had been appointed, obtained a judgment against the Model Brick Company and later had an abstract of said judgment recorded in Dallas county, where the real property of said defendant was situated. Thereafter the bank caused an execution to be issued on the judgment against the Model Brick Company, to be levied on part of the real estate purchased by Thompson at the receiver's sale, and was proceeding to have the same adjudged and sold under said execution as the property of the Model Brick Company. Thompson and another thereupon sued out a writ of injunction to restrain the threatened sale. We need not repeat what has been so well said in the opinion of Judge Boyce. We think it

sufficient to say that it was held not only that the threatened sale in that case would constitute a cloud upon the title of the purchasers from the receiver, but also that such purchasers were entitled under the amended statute to the remedy of injunction. We approve what was said in the decision referred to and the conclusion therein reached, and accordingly overrule all assignments of error and affirm the judgment.