## JAYTON INDEPENDENT SCHOOL DIST. et al. v. RULE–JAYTON COTTON OIL CO. (No. 2343.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1924.)

1. **Quieting title ⏝8—Equity may remove cloud on title by injunction to prevent though evidence on which right depends is not of record or shown in papers.**

A court of equity has power to remove cloud from title, and by injunction to prevent cloud upon title, when the evidence on which the right depends is not of record or shown in the papers on which the right depends.

2. **Taxation ⏝611(5)—Petition held sufficient to invoke equitable relief against collection of alleged illegal tax.**

Petition *held* sufficient to invoke equitable relief against the attempt of defendant tax collecting authorities to enforce an alleged unlawful tax and to require the court to act to free petitioner's property from the lien of the unlawful tax.

3. **Taxation ⏝608(9)—Property owner held entitled to remedy of injunction against collection of alleged unlawful tax based on alleged fraudulent assessment.**

A property owner held entitled to institute a suit to restrain defendant tax collecting authorities from assessing penalties and costs, and attempting to enforce collection of an alleged unlawful tax, on its face apparently valid, based upon an alleged fraudulent assessment, and to require defendants to accept an amount of taxes alleged to be legally payable, on the theory that the alleged unlawful tax placed a cloud on petitioner's title, and that his opportunity of asserting such matters in defense against an action at law by defendants to collect the tax was not an adequate legal remedy, where petitioner must wait the pleasure of defendants in instituting such action, and in any event would have to invoke the equitable powers of the court with reference to the alleged fraudulent assessment.

Appeal from District Court, Kent County; W. R. Chapman, Judge.

Suit by the Rule-Jayton Cotton Oil Company against the Jayton Independent School District and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. D. Wilson, of Spur, and J. L. Sullivan, of Jayton, for appellants.

Thomas & Pope, of Anson, for appellee.

BOYCE, J. This is an appeal from a temporary injunction granted the appellee, Rule-Jayton Cotton Oil Company, restraining the Jayton independent school district, its board of trustees and tax assessor and collector from enforcing the collection of certain taxes against the plaintiff and its property, pending the further order of the court.

[1-3] The plaintiff brought the suit against the defendants named, alleging that it owned certain real estate, with improvements thereon, located within the boundaries of the said independent school district, and rendered the same for taxation for the year 1923, at a valuation of $40,000, which was the fair cash market value of such property; that the taxes on such valuation would be the sum of $400; that the defendants thereafter raised the valuation of said property to $95,000, and claimed the right to collect taxes on such valuation; that other property in the vicinity of plaintiff's property was assessed at a valuation of 30 or 40 per cent. of its market value, and that the action of the defendants in raising plaintiff's assessment was arbitrary and discriminatory, and "done for the purpose of taxing plaintiff's property far above its market value," and that such act was therefore "void and of no force and effect"; that plaintiff had tendered to the tax collector the sum of $400, and the petition alleged its continued readiness to pay such sum; "that unless the defendants are restrained by a temporary injunction * * * they will proceed after January 31, 1924 [the petition being filed in December, 1923] to assess various penalties and costs against this plaintiff should he fail to pay the unlawful and unjust taxes assessed against him, as above set forth; that plaintiff can have no adequate remedy in court until after said date and the defendants will proceed to enforce the collection of said unjust taxes against this plaintiff." The prayer was for injunction against the assessment of penalties and costs and any attempt to enforce the collection of the taxes until final adjudication; that the tax collector be required to accept the said sum of $400 in payment of plaintiff's taxes and for general relief, etc.

A preliminary hearing was had, and, on proof being offered in support of the allegations of the petition, a temporary injunction was granted, from which this appeal is taken.

It is urged that the petition and proof are

insufficient to sustain an injunction because it does not appear that plaintiff will otherwise sustain some irreparable injury to his property. While the petition is not as specific and definite as it might be, it is, we think, sufficient to invoke the action of a court of equity in plaintiff's behalf to free his property of the unlawful claim that was being asserted against it. While there was no specific prayer for the setting aside of the action of the board in raising plaintiff's assessment, and no specific prayer for the removal of the cloud cast upon plaintiff's title by the unlawful assessment, all of the facts necessary to furnish relief in such matters appear in the petition, and the general prayer would authorize whatever relief was appropriate under the circumstances. The suit necessarily involves an attack on the action of the board in placing an excessive valuation on plaintiff's property. The allegation of fraud in that action is the basis of this attack, and relief from fraud is one of the functions of a court of equity. This alleged fraud has created a lien, apparently valid and enforceable, against plaintiff's property, and cast a cloud upon his title thereto. 5 R. C. L. p. 658, § 29; Texas Land & Mortgage Co. v. Worsham, 5 Tex. Civ. App. 245, 23 S. W. 938; Degetau v. Mayer (Tex. Civ. App.) 145 S. W. 1054. A court of equity has power to remove cloud from title and by injunction to "prevent cloud upon title when the evidence on which the right depends is not of record or shown in the papers on which the right depends." Mann v. Wallis, 75 Tex. 611, 12 S. W. 1124; Texas Land & Mortgage Co. v. Worsham, supra; Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 869. That such facts as are alleged in this case will afford ground for equitable relief by injunction and other appropriate orders in connection therewith has been recognized in a number of cases involving an attack on the assessment of taxes. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71 (writ of error denied); Lively v. M. K. & T. Ry. Co., 102 Tex. 545, 120 S. W. 852; City of Sweetwater v. Biard Development Co. (Tex. Civ. App.) 203 S. W. 801; Bolton v. Gilleran, 105 Cal. 244, 38 Pac. 881, 45 Am. St. Rep. 33; City of Birmingham v. Coffman, 173 Ala. 213, 55 South. 500, Ann. Cas. 1914A, 888, and notes; Union Pacific Ry. Co. v. Ryan, 113 U. S. 516, 525, 5 Sup. Ct. 601, 28 L. Ed. 1098, 1102; Lyon v. Alley, 130 U. S. 177, 9 Sup. Ct. 480, 32 L. Ed. 903. In addition to the foregoing authorities, which are more or less directly in point, we cite the following additional authorities as showing the liberality of our courts in extending relief by injunction against the enforcement of unlawful taxes and as being more or less in point here: Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042; Brown v. First National Bank (Tex. Civ. App.) 175 S. W. 1122; City of Houston v. Baker (Tex. Civ. App.) 178 S. W. 820.

The appellant cites three cases, Stephens v. Railway Co., 100 Tex. 177, 97 S. W. 309, Marion County v. Perkins Bros. Co. (Tex. Civ. App.) 171 S. W. 789, and Davis v. Santa Rosa Infirmary (Tex. Civ. App.) 220 S. W. 125, to sustain his contention. In the first case the decision of the Supreme Court was based on the fact that the assessment of the taxes created no lien on the railway company's property; that "no cloud upon the title could be created by an assessment of taxes which constituted no incumbrance upon the property"; that the only way in which the taxes could be enforced was by suit for collection, and plaintiff therefore had an adequate remedy by defending such suit and suffered no harm pending its institution. This statement shows the distinction between that case and this. It does not appear from the statement in the case of Marion County v. Perkins Bros., supra, whether the taxes were a lien on any of plaintiff's property so as to constitute a cloud on its title. It was also held that the petition did not show that the case was within the jurisdiction of the court. The value of the case as authority here cannot, therefore, be determined. It must be conceded that the case of Davis v. Santa Rosa Infirmary tends to sustain the appellant. The court in that case reasoned to the conclusion that, as the real estate on which the tax assessment was an apparent lien could only be levied upon and sold after suit and foreclosure of such lien in court, the opportunity which was then necessarily afforded the plaintiff in the injunction suit of defending against the illegal assessment was such adequate remedy at law as would preclude the maintenance of the suit in equity to set aside the assessment and enjoin the collection of the tax. The first case cited by the court in arguing to such conclusion is the case of Stephens v. Railway Company, supra, which we think is clearly distinguishable, for the reason already stated in our former reference to the case. The case of Railway Co. v. Shannon, 100 Tex. 379, 100 S. W. 138, 10 L. R. A. (N. S.) 681, is also referred to. That case merely restates the holding in the Stephens Case, distinguishing it from the case then under consideration. The court, in Davis v. Santa Rosa Infimary, also refers to the case of Red v. Johnson, 53 Tex. 284, as holding that—

"A petition for injunction to prevent the collection of taxes, which discloses no individual damage about to be suffered from the sale sought to be joined, except that the sale would cast a cloud on the title of the plaintiff, is not sufficient to authorize the injunction."

In Red v. Johnson, the plaintiff sought to enjoin the collection of taxes, claiming that certain of the property taxed was exempt, but—

"there was no allegation or evidence that the lots on which the buildings were erected were exempt from taxation, nor was it claimed

that taxes assessed on the lots had ever been tendered or paid."

And the holding of the court was that—

"the allegation that the title would be clouded by the sale, was not of itself enough to justify interfering with the collection of the entire tax. Harrison v. Vines, 46 Tex. 22."

The court evidently meant to say that plaintiff, in order to invoke the aid of a court of equity, should have tendered the tax "with which his property was justly charged," as held in the case of Harrison v. Vines, which was referred to; and this was the ground on which the petition was held to be insufficient, rather than that the apparent lien created by the assessment of the taxes did not create a cloud on the title, such as might afford ground for action of a court of equity. Reference is also made in the opinion under discussion to the case of Boyd v. City of Selma, 96 Ala. 144, 11 South. 393, 16 L. R. A. 729. Injunction in that case was denied because the city charter provided for proceedings that afforded plaintiff "a full, complete and adequate remedy at law." We do not take the time to argue whether that conclusion was correct or not. In the later decision in the case of Birmingham v. Coffman, supra, the Alabama Supreme Court granted relief by injunction and judgment removing cloud from title under facts that make the case directly in point here. Judge Fly, in that opinion, also comments on the fact that in such cases as Mann v. Wallis, 75 Tex. 611, 12 S. W. 1123, where the rule was recognized that equity would act to remove or prevent a cloud on plaintiff's title when he had no adequate remedy at law, the action was to restrain sales under execution on judgments already rendered. Those cases merely furnish one combination of facts for the application of a general principle of equity, and so are not authority for the exclusion of its application to other combinations of fact to which it may be properly applied.

We recognize the fact that our courts are now committed to the proposition that, with some exceptions not necessary to here discuss (see Guaranty State Bank v. Thompson [Tex. Civ. App.] 195 S. W. 964; Boykin v. Pierce. [Tex. Civ. App.] 240 S. W. 1114, in which writ of error was denied), injunction will not be granted in cases where the petitioner has an adequate remedy at law. Hill v. Brown (Tex. Com. App.) 237 S. W. 252. But we are of the opinion that in this case plaintiff has not an adequate remedy at law. It cannot be denied, we think, that the alleged unlawful assessment of taxes has created an apparent lien on plaintiff's property, and has put a cloud on his title. Why should he not be permitted to institute a suit in equity to require the tax-collecting authorities to accept the amount of taxes legally payable and free his property from the unlawful claim? What suit at law could he institute that would afford him relief? In such cases as Mann v. Wallis and Hill v. Brown it was suggested that the plaintiff had an adequate remedy at law through the right to immediately institute a suit in trespass to try title, and in the latter case forcible entry and detainer as well. Here, however, the plaintiff must wait the pleasure of the party asserting the unlawful claim in the matter of the institution of a suit on such claim and then set up the facts which he now urges as a defense in such suit. In the meantime, however, his title is beclouded by the apparently lawful tax lien, a fact which is recognized in equity as being an injury to such property. Even in such case, the plaintiff here, as defendant in that suit, would finally have to invoke the equitable powers of the court in the matter of the attack on the alleged fraudulent action of the board in assessing his property for taxes. This we think is not the "adequate remedy at law" which would prevent immediate resort to a court of equity under the facts of this case. A similar question was before the California court in the case of Bolton v. Gilleran, supra, and the court said:

"The statute makes the assessment a lien upon [plaintiff's] lands, and there is nothing upon the face of the assessment to show that the lien is not in all respects valid. If, by reason of matters outside of the assessment as it is recorded, this apparent lien may be shown not to be a valid incumbrance, the assessment constitutes a cloud upon her title which she is entitled to have removed; and although she can assert the same matters as a defense to any action for the enforcement of the assessment, she is not required to wait until such action may be brought, and, in the meantime, suffer the injury of having the title to her lands impaired by this apparent lien, but may herself invoke the equitable aid of the court to remove the cloud, and to enjoin the holder of the assessment from asserting any claim upon her lands by virtue thereof."

The judgment is affirmed.